FILED
2007 Feb-28  PM 01:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| SUSIE KNOTT, *et al.*, | ] | |
| | ] | |
| Plaintiff, | ] | |
| | ] | |
| vs. | ] | CV-06-CO-1553-W |
| | ] | |
| DOLLAR TREE STORES, INC., | ] | |
| | ] | |
| Defendant. | ] | |

MEMORANDUM OPINION

The Court has for consideration Dollar Tree Stores, Inc.'s ("Defendant") Motion to Transfer this Case to the United States District Court for the Eastern District of Virginia, Norfolk Division (Doc. 11), which was filed on December 6, 2006.

I.    Introduction.

On August 10, 2006, Susie Knott ("Plaintiff") filed the current action on behalf of herself and other current and former Dollar Tree store managers similarly situated, and alleged that Defendant violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, by depriving them of overtime compensation.  If certified, Plaintiff's proposed collective action

under the FLSA would potentially include more than 4,500 present and former Dollar Tree managerial employees in approximately 3,000 stores in the contiguous 48 states.  (Doc. 12 at 7-8.)

Defendant moves to transfer this case to the United States District Court for the Eastern District of Virginia, Norfolk Division, to "materially advance the convenience of the witnesses and parties, and the interests of justice."  (Doc. 11 ¶ 2.)  Defendant has no regional or corporate offices in Alabama and only 82 Dollar Tree stores in the state, only 3 of which are located in the Western Division of the Northern District of Alabama. Defendant does, however, have over 100 stores as well as its corporate offices in the Eastern District of Virginia.  *Id.*

II.    Standard.

Pursuant to 28 U.S.C. § 1404(a), "for the convenience of the parties and witnesses, and in the interest of justice," a civil action may be transferred  to  any district where it could have originally been brought. *Gould v. Nat'l Life Ins. Co.*, 990 F. Supp. 1354, 1357 (M.D. Ala. 1998) (citing *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996)).  The purpose of 1404(a) is to "prevent the waste 'of time, energy and money'

and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964).  "The decision to transfer a case to another district is left to the sound discretion of the trial court." *Brown v. Connecticut Life Ins. Co.*, 934 F.2d 1196, 1197 (11th Cir. 1991) (quoting *Howell v. Tanner*, 650 F.2d 610, 616 (5th Cir. 1981), *cert. denied,* 456 U.S. 918 (1982)).  It has generally been held that "[t]he plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations." *Howell*, 650 F.2d at 616.  In moving for a transfer of venue, "[d]efendants . . . bear the burden of proof, and must make a convincing showing of the right to transfer." *Mason v. Smithkline Beecham Clinical Lab.*, 146 F. Supp. 2d 1355, 1363 (S.D. Fla. 2001).

III.   Discussion.

    A.   Defendant's Motion is Ripe for Consideration.

Plaintiff argues that Defendant's motion is premature and should not be considered until after this Court has determined if it will facilitate notice.  At present, the named plaintiff, Ms. Knott, is the only plaintiff who lives and/or works in Alabama.   Moreover, the only witness to date

identified by Ms. Knott does not reside in Alabama and is not based in Alabama.  Defendant thus contends that Ms. Knott is the "one and only connection to Alabama in this litigation." (Doc. 26 at 2.) However, Plaintiff has submitted 44 names of individuals seeking to opt-in, none of whom live or reside in Alabama.

The Court finds that Defendant's Motion to Transfer is ripe for consideration.

> B.   The Action Could have been Originally Brought in the Eastern District of Virginia.

There is no question that Plaintiff could have filed this action in the Eastern District of Virginia.[1]  Because the FLSA is the basis for the Court's subject matter jurisdiction in this case, Plaintiff could have filed her lawsuit in any federal court of competent jurisdiction.  For a corporation, this means "any judicial district in which it is subject to personal jurisdiction at the time the action is commenced."  28 U.S.C. § 1391(c).  Defendant is headquartered in Chesapeake, Virginia, which is within the Eastern District of Virginia, Norfolk Division; therefore, it "resides" there for personal

---

[1] Plaintiff does not contest this point.  (Doc. 15.)

jurisdiction purposes.  *See also In re Horseshow Entertainment*, 337 F.3d 429, 433 (5th Cir. 2003), *cert. denied,* 540 U.S. 1049 (2003) (holding that the location of a corporation's principal office is a permissible factor in establishing proper venue in a transferee court).

      C.     The "Convenience of the Parties" and the "Interests of Justice."

      Having determined that this case could have been brought in the United States District Court for the Eastern District of Virginia, this Court must now consider whether the "interests of justice" would be served by transferring venue.

      In undertaking this analysis, the Court will consider the following factors: "(1) the plaintiff's choice of forum; (2) the convenience of the parties; (3) the convenience of the witnesses, and the availability of witnesses through compulsory process; (4) the location of documents and other sources of proof; (5) the relative ability of the parties to bear the expense of changing the forum; and (6) trial efficiency and expense to the justice system."  *Gould,* 990 F. Supp. at 1357; *see also Ward v. Family Dollar Stores, Inc.*, 3:06-CV-441 (N.D. Ala. Sep. 29, 2006).

1.    Deference to Plaintiff's Choice of Forum.

While "some initial weight must be given to [Plaintiff's] choice of forum," the Court must give equal weight to the proposed transferee forum if Defendant is able to show: "(1) the witnesses who would be inconvenienced are key witnesses and their testimony cannot be effectively preserved by depositions; and (2) [that] other actions invoking the same or substantially similar subject matter are pending in the transferee district." *First Federal Savings & Loan v. Berger*, 672 F. Supp. 1454, 1457 (M.D. Ga. 1987).

Also, Plaintiff's choice of forum is entitled to less deference when the action is brought as a putative nationwide class action.  *See Koster v. (American) Lumbermens Mut. Cas. Co.,* 330 U.S. 518 (1947), *and Barnett*, 171 F. Supp. 2d 1292.  "[W]here there are hundreds of potential plaintiffs, all equally entitled voluntarily to invest themselves with the [...] cause of action and all of whom could with equal show of right go into their many home courts, the claim of any one plaintiff that a forum is appropriate merely because it is his home forum is considerably weakened." *Koster,* 330 U.S. at 524.  However, even though Plaintiff's chosen forum is entitled to

less deference because it is a putative class action, "the court must still find that other factors 'clearly outweigh' the chosen forum." *Gould,* 990 F. Supp. at 1359.

Defendant argues that Plaintiff's choice of forum should additionally be given reduced consideration because the "operative facts underlying the cause of action did not occur within the forum chosen by the Plaintiff." *A.J. Taft Coal Co. v. Barnhart*, 291 F. Supp. 2d 1290, 1310 (N.D. Ala. 2003). Defendant supports this argument by pointing to the fact that the policy resulting in the alleged FLSA violation was implemented in Defendant's corporate offices in the Eastern District Virginia. (Doc. 12 at 6-7.)  This argument is not persuasive.  Even if the policy had its origin in the Eastern District of Virginia, it was implemented by employees and had its effect throughout the entire country.  The "operative facts" of this type FLSA violation are not limited to its origination.  Further, determining if there has been a violation will include a fact intensive evaluation of many of the circumstances existing at the various retail establishments operated by Defendant.

2.___Convenience of the Parties.

There are potentially 4,500 party plaintiffs who will have to travel regardless of whether the trial is in Alabama or Virginia.  While Defendant argues that Norfolk, Virginia, is the better venue because it is more accessible by air than Tuscaloosa, this Court is not convinced that there will be any significant difference to plaintiffs.  In fact, plaintiffs traveling by air into Birmingham, Alabama (one hour north of Tuscaloosa), in all likelihood, due to the relative ease of travel into Birmingham and between Birmingham and Tuscaloosa, will have less difficulty coming to Tuscaloosa for court than they would Norfolk.   Besides, not all plaintiffs will choose to fly.  Those who drive from locations throughout the country would just as likely find Tuscaloosa more centrally located and accessible than Norfolk, which is on the East coast.  _It does not go without notice that any plaintiff who elects to join in this action, as a collective action or not, will do so with the knowledge of its venue.  Since such plaintiffs could have brought their own separate action, their appearance in the suit is indicative that they have decided that the venue, as laid, is preferable to them or at the very least acceptable.

Clearly, a transfer of this cause to Virginia would be more convenient for Defendant, at least for the upper management of Defendant. However, Plaintiff correctly insists that a transfer would nonetheless be improper if it simply shifts the inconveniences from one party to another. *Robinson*, 74 F.3d at 260.

> 3.____Convenience of the Witnesses, and the Availability of Witnesses Through Compulsory Process.

Defendant submits that the "vast majority" of "key" witnesses that may testify on its behalf work and live in the Eastern District of Virginia. Listing approximately 19 purportedly "key" witnesses,[2] Defendant thus claims that it is "extremely inconvenient for Dollar Tree's employees and disruptive to Dollar Tree's day to day operations to require its employees to travel [800 miles] to Alabama to testify in this action." (Doc. 12 at 10-11.) It also asserts that their "key" witnesses' convenience be given heightened consideration. *See McNair v. Monsanto Co.*, 279 F. Supp. 2d 1290, 1311 (M.D. Ga. 2003)(the district court should focus its analysis on the availability

---

[2] Plaintiff correctly notes that Defendant lists multiple "key" witnesses who would testify as to identical or substantially similar subject matter. (Doc. 12, Ex. A, at ¶¶ 19, 20, 21, 22, 23, 25, 27, 32, 33.) Plaintiff therefore asserts that Defendant is inflating the number of its alleged "key" witnesses.

of key witnesses).  Plaintiff responds that the convenience of a party's employee-witnesses is entitled to no deference.  They cite *Mason*, 146 F. Supp 2d at 1361-62, 1363, and other authority for the proposition that it is the convenience of nonparty witnesses, not party employee-witnesses, that is the more relevant factor.

Plaintiff additionally responds that it is no more inconvenient to require Defendant's allegedly "key" witnesses to travel to Alabama than it is to require any potential plaintiffs or Defendant's regional managers/district managers/other non-Virginia employees to travel to Virginia.[3] Plaintiff also cites Defendant's mention of "20 Regional Directors, 20 Regional Training Managers and approximately 269 District Managers located throughout the country that may testify about store manager training, responsibilities, duties, and record keeping" as evidence that Tuscaloosa, Alabama is just as convenient for the needed witnesses as

_____

[3] Plaintiff argues that, for example, Defendant's initial disclosures list 46 witnesses who may testify against the one named plaintiff, Susie Knott.  Most of these witnesses do not live in the Eastern District of Virginia, according to evidence submitted by Defendant.  (Doc. 15 at 5 n.5.)  Of the 46, 5 are in Tuscaloosa, 1 in Virginia, the rest are spread among other states.  Plaintiff further states that Defendant identifies 4,800 potential parties/witnesses - the majority of whom, by Defendant's own assertions, do not live/reside in Virginia.  Defendant corrects Plaintiff's count to reflect that there are 21, not 1, of its initial disclosure witnesses who work/reside in Virginia.

Norfolk, Virginia.

Irrespective of this action's ultimate venue, any trial will necessitate significant travel by opt-in plaintiff witnesses, a number of Defendant's employees, and some witnesses from around the country. Defendant has not made a showing of facts sufficient for the Court to conclude that the Eastern District of Virginia is appreciably more convenient for potential witnesses other than a small subset of its own (i.e., those who live/work in the Eastern District).

4.   Location of Documents and Other Sources of Proof.

According to Defendant, its human resources records and written policies/procedures for store managers — all of which are facially relevant to this cause — are stored in Chesapeake, Virginia. As to documents pertaining to potential plaintiffs, Defendant speculates that such documents are probably located where the respective plaintiffs work and reside. Regardless, such documents will by necessity be produced to all parties during discovery. Plaintiff will certainly view those documents at the location of their storage - not the venue of trial. The Court expects that relatively few of those documents will ultimately be physically transported

to the trial venue.

The Court finds that requiring Defendant to make pertinent documents available for an Alabama trial would be no more or less burdensome than producing them for discovery purposes.  In addition, there are apparently more documents that may be relative to the trial of this case located at the workplaces of the potential plaintiffs throughout the country than those at the corporate office.

> 5.___Relative Ability of the Parties to Bear the Expense of
> Changing the Forum.

Defendant argues that the potential plaintiffs, other than the "handful" located in the Northern District of Alabama, will be burdened no matter where they travel, and this fact is not affected by Defendant's greater financial means.  Plaintiff notes Defendant's 2005 net income of $173.9 million and asserts that Defendant can better afford to bear the burden of litigating in Alabama than Ms. Knott, one plaintiff, could afford to litigate in Virginia.  Defendant is financially better-positioned to litigate regardless of the venue.  This is especially true with regard to Plaintiff Susie Knott.

6.    Trial Efficiency and Expense to the Justice System.

Defendant, noting the United States Supreme Court's holding that the "interests of justice" prong requires district courts to weigh "those public-interest factors of systematic integrity and fairness," *Barnhart*, 291 F. Supp. 2d at 1132 (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 30 (1988)), argues that the interests of justice favor transfer because the decisions and policies at issue occurred in the Eastern District of Virginia. Therefore, Virginia courts have an interest in "regulating the conduct of its resident corporations and would be most affected by the outcome of this suit." (Doc. 12 at 14.)  Defendant further argues that at this relatively early stage of the litigation, a transfer would not burden Plaintiff or the judicial system, as no trial date has been set, and there has not yet been any significant investment of party or judicial resources.  Additionally, transfer to the Eastern District of Virginia's so-called "rocket docket" would bring a quicker resolution to the case than if it remained in the Northern District of Alabama.

Unlike this Court's previous opinion in *Ward v. Family Dollar Stores, Inc.*, 3:06-CV-441 (N.D. Ala. Sep. 29, 2006), where identical claims against the same defendant were pending in the proposed transferee court, at present there are no actively-litigated collective actions against Dollar Tree in the Eastern District of Virginia.  Because there are no such cases pending in the proposed transferee court, the Court need not weigh considerations such as result uniformity and duplicative proceedings.   Additionally, although Defendant accurately depicts this litigation's relatively early posture, it has not presented evidence beyond general trial disposition statistics to demonstrate that transfer of this cause will lead to a more just or efficient disposition.   Further, the nationwide reach of Defendant's business operations undercuts its argument that the Virginia courts have a greater interest in providing the forum for this cause.  Every state where the Defendant employs individuals who might join in this suit, including Alabama, has a significant interest in assuring that justice prevails.  While the corporate headquarters for Defendant may be in Virginia, the employees made the subject of Plaintiff's claims are found in many states.   The interests of justice are not significantly furthered by transfer to the Eastern

District of Virginia.

IV.    Conclusion.

In accordance with the rationale outlined above, the Motion to Transfer this Case to the United States District Court for the Eastern District of Virginia, Norfolk Division (Doc. 11) is due to be denied.  An appropriate order is filed contemporaneously herewith.

Done this <u>27th</u> day of <u>February 2007</u>.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
124153