FILED

2007 Apr-12  PM 02:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

SUSIE KNOTT, *on behalf of herself*     ]
*and others similarly situated*,         ]
                                         ]
    Plaintiff,         ]
                                         ]
    vs.                ]          7:06-CV-01553-LSC
                                         ]
DOLLAR TREE STORES, INC.,                ]
                                         ]
    Defendant.         ]

MEMORANDUM OF OPINION

I.    Introduction.

The Court has for consideration Susie Knott's ("Plaintiff") Motion to Facilitate Notice Pursuant to § 216(b) of the Fair Labor Standards Act, filed on January 26, 2007.  (Doc. 24.)  The motion has been fully briefed and is under submission.  The Court convened a hearing on this matter on March 27, 2007.

On August 8, 2006, Plaintiff filed the current action on behalf of herself and other current and former Dollar Tree store managers similarly situated.  Plaintiff was once the manager of one of Defendant's stores in

Tuscaloosa County, Alabama.  (Doc. 1 ¶ 3.)  She alleges that Dollar Tree Stores, Inc. ("Defendant") violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, by intentionally and recklessly failing to pay overtime compensation.   (Doc. 1 ¶ 4; Doc. 24 ¶ 3.)   Plaintiff seeks reinstatement;  unpaid  compensation  and  benefits;  damages  and/or prejudgment interest; attorneys' fees and costs; and appropriate injunctive relief.  (Doc. 1 at 9.)  She further requests that the Court  conditionally certify this cause as a collective action pursuant to 29 U.S.C. § 216(b) and facilitate nationwide notice to all similarly situated persons.[1]  Defendant argues  that  this  cause  is  unsuitable  for  conditional  collective  action certification and notice because Plaintiff and her proposed opt-in class are not "similarly situated" to each other within the meaning of 29 U.S.C. § 216 (b) and the applicable regulations.

Upon  careful  consideration  of  the  evidence  and  legal  arguments submitted by the parties, Plaintiff's motion is due to be granted.

---

[1] Plaintiff appended a proposed notice to her motion.  (Doc. 24 ex. 1.)  Defendant did not comment on the proposed notice in its response to the motion.  (Doc. 41.)  If the Court grants notice, Plaintiff asks that Defendants be ordered to produce, within 10 days, the names, addresses, and social security numbers of potential plaintiffs.  (Doc. 24 at 3.)

II.    Procedural History.

Plaintiff filed her complaint on August 8, 2006, and asserted a collective action against Defendants on behalf of herself and all others similarly situated.  (Doc. 1.)  Defendant answered on August 25, 2006. (Doc. 5.)  On December 7, 2006, Defendant moved to transfer this action to the United States District Court for the Eastern District of Virginia.  (Doc. 11.) The Court denied the motion to transfer venue on February 28, 2007.  (Doc. 49.)  Plaintiff moved to conditionally certify this cause as a collective action and to facilitate notice on January 26, 2007.  (Doc. 24.)

III.    Discussion.

"[A] member of the class who is not individually named in the complaint is not a party to [an FLSA lawsuit] unless he affirmatively 'opts in' by filing a written consent with the Court."[2] *Haynes v. Singer Co.*, 696 F.2d 884, 885 (11th Cir. 1983) (citing 29 U.S.C. § 216 (b)).  Plaintiff asks the Court to allow this case to proceed conditionally as a collective action and authorize nationwide notice to "all Store Managers currently employed with

---

[2] In this manner, a collective action under 20 U.S.C. § 216(b) is a "fundamentally different creature than the Rule 23 class action." *Cameron-Grant v. Maxim Healthcare Servs., Inc.*, 347 F.3d 1240, 1249 (11th Cir. 2003).

the defendant or previously employed within 3 years of the filing of the Complaint."[3]  (Doc. 24 at 1-2.)  Before a district court may issue such an order, Plaintiff must show to the court's satisfaction "that there are other employees of the department-employer who desire to 'opt-in' and who are 'similarly situated' with respect to their job requirements and with regard to their pay provisions." *Dybach v. State of Florida Dep't of Corr.*, 942 F.2d 1562, 1567-68 (11th Cir. 1991).   Plaintiff need not establish "a unified policy, plan, or scheme of discrimination" to satisfy the liberal "similarly situated" requirement of § 216(b)," *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1095 (11th Cir. 1996), but she does bear the burden of demonstrating a "reasonable basis" for her claim of class-wide discrimination. *See Haynes,* 696 F.2d at 887.  Plaintiff may meet this burden, which is not heavy, by making substantial allegations of class-wide discrimination — that is, detailed allegations supported by affidavits which "successfully engage defendants' affidavits to the contrary." *Sperling v. Hoffman-LaRoche, Inc.,*

---

[3] Because Plaintiff has alleged that Defendant has intentionally violated the FLSA, the notice period for the conditional opt-in class would be 3 years.  *See* 29 U.S.C. § 255(a); *see also Knight v. Columbus, Ga.*, 19 F.3d 579, 582 (11th Cir. 1994), *cert. denied*, 513 U.S. 929 (1994).

118 F.R.D. 392, 406-07 (D. N.J. 1988).  The decision whether to facilitate notice to potential plaintiffs is within the sole discretion of the district court, which also has the power to allow for discovery of the names and addresses of potential collective action class members.  *Hoffman-LaRoche Inc. v. Sperling*, 493 U.S. 165, 169-70 (1989).

The United States Court of Appeals for the Eleventh Circuit has suggested a two-tiered approach for dealing with collective action certification and notice pursuant to § 216(b).  *Hipp v. Libery Nat'l Life Ins. Co.*, 252 F.3d 1208, 1219 (11th Cir. 2001).[4]  First, a district court would make a decision, "usually based only on the pleadings and any affidavits which have been submitted — whether notice of the action should be given to potential class members."  *Id.* at 1218 (quoting *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995)).  "Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in 'conditional certification' or a representative class."  *Id.* Then, "after discovery is largely complete ... [and] the court has much more

---

[4] Although *Hipp* addresses a collective action brought under the Age Discrimination in Employment Act of 1967, the same analysis applies to collective actions under the FLSA.  *Cameron,* 347 F.3d at 1243 n.2.

information on which to base its decision," the district court makes a "factual determination" as to whether the claimants are similarly situated. *Id.*

Defendant has not convinced this Court that the "fairly lenient" standard of the first analytical tier should not be applied.  At least 35 individuals from different states have filed consents to opt into this action. Plaintiff has filed 26 declarations[5] from herself and opt-in plaintiffs — one of whom is a former Dollar Tree District Manager — that assert "substantial allegations of class-wide discrimination" through allegations and evidence.[6]

---

[5] The Court notes that these declarations are obviously form declarations.  The declarations show minimal (if any) divergence from one another.  Although not fatal to Plaintiff's motion for conditional certification and notice, Plaintiff will have to engage in heightened evidentiary and factual development to survive the inevitable "tier two" decertification analysis.

[6] Plaintiff claims that she and the opt-in plaintiffs "were required to work 50-70 hours per week without compensation," and that they "spent 85% or more of their time unloading trucks, stocking shelves, running the cash register and various other non-managerial job duties."  (Doc. 24 at ¶ 6.)  Plaintiff claims that this was in keeping with "a uniform policy and practice of consistently requiring its Store Managers to work over 40 hours a week for a salaried amount without overtime compensation."  (Doc. 1 ¶ 5.) She avers that Defendant has operated its business in this manner for at least 10 years (presumably from the date of the complaint).  (*Id.* at ¶ 24.)  In essence, Plaintiff has claimed that it is Defendant's District Managers, and not its Store Managers, who  wield the powers contemplated by the executive exemption (e.g., store management, authority to hire/fire/promote/discipline/award pay raises, customarily and regularly directing the work of two or more employees).  (*Id.* at ¶¶ 7-11.)  The declaration of Ernest Dan Howard, former District Manager and current Store Manager in Defendant's employ, is particularly in accord with Plaintiff's allegations.  (Doc. 45 ex. A.)

*See, e.g, Grayson,* 79 F.3d at 1097.  Such allegations, if founded, may well

unify individuals in the proposed class and allow for "efficient resolution in

one proceeding of common issues of law and fact arising from the same

alleged [FLSA violation]." *Hoffman-LaRoche Inc.,* 493 U.S. at 170.  Although

Defendant correctly notes that some district courts have employed a

heightened analysis[7] — more akin to "tier two" than "tier one" — at this

---

[7] Defendant cites several cases that apply a heightened standard where the parties had already engaged in extensive discovery.  *See Brooks v. Bellsouth Telecommunications, Inc.,* 164 F.R.D. 561, 568-69 (N.D. Ala. 1995); *Morisky v. Public Service Electric & Gas Co.,* 111 F. Supp. 2d 493, 498 (D. N.J. 2000) (less lenient standard where discovery was completed "well before" the motion for collective action certification was filed).  *See also Slaughter v. CVS RX Servs., Inc.,* 2:03-CV-01403-LSC (N.D. Ala. Nov. 2, 2004), where this Court applied a more rigorous standard when the plaintiffs moved to facilitate notice at a comparatively late stage of the litigation; had already conducted extensive discovery; and offered only "mere conjecture" and a single questionable affidavit as evidence that similarly situated employees wished to opt into the lawsuit.  No such circumstances are present in the instant case.

Defendant cites additional caselaw, none of which is precedent and some of which is unpublished.  In *Horne v. United States Automobile Assoc.,* 279 F. Supp. 2d 1231, 1235-37 (M.D. Ala. 2003), the court found that class certification was due to be denied because, *inter alia,* movant had at times actually received overtime pay, and offered an affidavit asserting only his "belief" as evidence that there were other similarly situated persons willing to opt in — extenuating factors not present in this cause.  Both *Harris v. Fee Transportation Servs., Inc.,* 2006 WL 1994586 (N.D. Tex. May 15, 2006) (unpublished opinion) (court had allowed 7 months for discovery regarding the certification issue) and *King v. West Corp.,* 2006 WL 118577, at *13 (D. Neb. Jan. 13, 2006) (unpublished opinion) (court applied "tier two" certification scrutiny when the plaintiff moved to certify because the parties had, pursuant to a mutual agreement, been proceeding for eighteen months as though the case had been conditionally certified) are likewise distinguishable on their facts.

stage of FLSA collective actions, most of those cases are glaringly distinguishable and therefore inapposite to the instant action.

Moreover, the lion's share of Defendant's brief in opposition to conditional certification and notice argues that the declarations of non-party Dollar Tree store managers and corporate officers show that "[t]he variations in the amount of time each [store manager] spends performing managerial duties and the amount of discretion each [store manager] exercises with respect to personnel decisions are dispositive of whether Dollar Tree [store managers] are similarly situated."[8]   (Doc. 41 at 8.) Defendant accordingly argues that this supposed variance in time spent performing managerial duties and in managerial discretion compels the conclusion that Plaintiff and the opt-in plaintiffs are not similarly situated to one another.  While Defendant may ultimately be able to establish this at the "tier two" decertification phase of this cause, the Court exercises its

---

[8] Plaintiff, in turn, counters that even if different store managers spend different amounts of time performing job duties, this does not establish that they are not similarly situated with regard to the job duties they perform, as "[n]ot one [store manager] declared that he/she alone performs a particular job duty that no other [store manager] performs because of the size, location, volume or merchandise of his/her store."  (Doc. 45 at 7.)  In any event, the Court agrees with Plaintiff that the "tier two" decertification phase is the appropriate juncture to explore these issues.

discretion and finds that Plaintiff has met her burden under the more lenient standard of "tier one."

IV.   Conclusion.

Plaintiff has established "a reasonable basis" for the allegation that a class of similarly situated persons exists, *Grayson*, 79 F.3d at 1097, and her motion is therefore due to be granted.  The Court will  facilitate nationwide notice to those similarly situated.  The parties will be directed to confer and jointly file with the Court a proposed collective action notice and plan for facilitating notice.[9]

A corresponding order is filed contemporaneously herewith.

_____

[9] At the March 27, 2007 class certification hearing, Defendant argued that should the Court authorize notice in this case, current and former managers of Defendant's California stores should be excluded because the California store manager job descriptions and duties differ from those of non-California store managers.  The Court ordered Defendant to file a written memorandum of law to this effect, and Defendant did so on March 30, 2007, in the form of a motion to exclude current and former California store managers from any notice the Court may authorize.  (Doc. 57.)

Because Plaintiff responded on April 2, 2007 that she does not oppose excluding California store managers from notice (Doc. 59), the Court will order the parties to take the "California exclusion" into account while jointly drafting the proposed collective action notice and plan.

Done this 12<u>th</u> day of <u>April 2007</u>.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

147406