FILED

2009 May-05  PM 03:52
U.S. DISTRICT COURT
N.D. OF ALABAMA



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| SUSIE KNOTT, *et al.*, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 7:06-CV-1553-LSC |
| | ) | |
| DOLLAR TREE STORES, INC., | ) | |
| | ) | |
| Defendant. | ) | |


| | | |
|---|---|---|
| CHELSIE RICHARDSON, | ) | |
| CYNTHIA ANN COLLINS, | ) | |
| BERYL DAUZAT, on behalf of | ) | |
| themselves and others similarly | ) | |
| situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | 6:08-CV-0693-LSC |
| | ) | |
| DOLLAR TREE STORES, INC., | ) | |
| | ) | |
| Defendant. | ) | |


MEMORANDUM OF OPINION

I. Introduction

The matter before this Court is Defendant Dollar Tree Store's Motion

for Summary Judgment. (Doc. 150.) Defendant moves this Court to dismiss opt-in Plaintiffs Magaret Boland, Kimberly Clark, Jody Cox, David Farmer, Keith Jarvis, Nakia Johnson, Emil Oles, Andrew Pozniak, and William Spano because their cause of action – claims for unpaid wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207 – falls outside the statute of limitations period of three years as set out in 29 U.S.C. § 255(a).[1,2] Defendant and Plaintiffs also seek to have the costs and fees associated with this filing to be awarded.

II. Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party moving for summary judgment "always bears the initial

---

[1] The statute sets out that a cause of action for unpaid wages under the FLSA, 29 U.S.C. § 207, must be commenced within two-years of accrual, or three years of accrual if the action arises from defendant's willful conduct. 29 U.S.C. § 255(a).

[2] Defendant makes clear in their brief that it does not concede that the three-year, as opposed to two-year, limitations period is the correct measure, but rather is only singling out those plaintiffs who could not recover even under the three-year limitations period.

responsibility of informing the district court of the basis for its motion, and

identifying those portions of [the evidence] which it believes demonstrate

the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*,

477 U.S. 317, 323 (1986). The movant can meet this burden by presenting

evidence showing that there is no genuine dispute of material fact, or by

showing that the nonmoving party has failed to present evidence in support

of some element of its case on which it bears the ultimate burden of proof.

*Celotex*, 477 U.S. at 322-23. In evaluating the arguments of the movant, the

court must view the evidence in the light most favorable to the nonmoving

party. *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir.

1996).

Once the moving party has met this burden, Rule 56(e) "requires the

nonmoving party to go beyond the pleadings and by [his] own affidavits, or

by the 'depositions, answers to interrogatories, and admissions on file,'

designate 'specific facts showing that there is a genuine issue for trial.'"

*Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)). "A factual dispute

is genuine only if a 'reasonable jury could return a verdict for the

nonmoving party.'" *Info. Sys. & Networks Corp.*, 281 F.3d at 1224 (quoting

*United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437 (11th Cir. 1991)).

"[A]t the summary judgment stage the judge's function is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249 (1986). However, judges are not "required to submit a question to a jury merely because some evidence has been introduced by the party having the burden of proof, unless the evidence be of such character that it would warrant the jury finding a verdict in favor of that party. *Id.* at 251 (*quoting Improvement Co. v. Munson*, 14 Wall. 442, 448 (1872)). "This standard mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a), which is that the trial judge must direct a verdict if, under governing law, there can be but one reasonable conclusion as to the verdict." *Id.* at 250.

III. Discussion

The Defendant's grounds for dismissal are straightforward. It asserts that a cause of action for overtime compensation accrues at the regular payday following the work period during which unpaid compensation is

claimed. *See Freeman v. Nat'l Broadcasting Co., Inc.*, 846 F. Supp. 1109,

1159 (S.D.N.Y. 1993). Thus, assuming the three-year statute of limitations is

applicable, no plaintiff who ceased to be employed by Dollar Tree outside

of the three-year period can bring a claim; such a claim is time-barred. The

statute of limitations period is calculated, at the outer boundary, from the

last payday following the last work period of

uncompensated/undercompensated time until the commencement of the

action. Under the FLSA, an action commences for unnamed, opt-in plaintiffs

in a collective action when such plaintiffs file their written consent to

participate in the suit. 29 U.S.C. § 256. Thus, such plaintiffs must have filed

their written consents no later than three years from the last payday of the

last work period.

Dollar Tree has provided, in an affidavit from David McDearmon,

Director of Human Resources, the final dates of employment for each

plaintiff at issue in this Motion. (Doc. 151-2.) In paragraph 14 of that

affidavit, McDearmon states, "During the time that each of the foregoing

individuals were employed by Dollar Tree as Store Managers, Dollar Tree

paid its store managers on a weekly basis on the Friday immediately

following the week in which the Store Manager worked." Thus, construing

the evidence in a light most favorable to the plaintiff, this Court will

assume that each plaintiff was paid on the Friday after his or her last work

week. Therefore, if the plaintiffs' filing of the consent does not fall within

three years' time of their last payday, as demonstrated by the evidence

provided by Defendant, their FLSA claims are due to be dismissed.

Before examining each plaintiff in turn, it should be pointed out that

Plaintiffs, in their responsive brief, fail to take issue with any of the facts

attested to in Dollar Tree's submissions of fact. Rather, Plaintiff complains

that she has not had time to verify the information Defendant puts forth

and that, if such information is accurate, Plaintiff would file a voluntary

dismissal. Plaintiff asks this Court to allow it until December 31, 2008, to

verify the information, moves this Court to order Defendants to produce

their employment records to verify this information, and moves this Court

to award fees for being required to respond to this motion. December 31,

2008, having long since passed, and seeing no supplemental filing or

voluntary motion to dismiss as having been filed, this Court will treat the

facts as provided by Defendant as undisputed.

As to each plaintiff, the Court finds the following, based on the undisputed information provided by Defendant and this Court's calculations:

| Plaintiff | End of Employment | Last Payday | Filing Date |
|-----------|-------------------|-------------|-------------|
| Boland | May 21, 2004 | May 28, 2004 | June 18, 2007 |
| Clark | May 7, 2004 | May 14, 2004 | June 8, 2007 |
| Cox | May 24, 2004 | June 4, 2004 | June 29, 2007 |
| Farmer[3] | July 4, 2004 | July 16, 2004 | July 19, 2007 |
| Jarvis | May 26, 2004 | June 4, 2004 | June 17, 2007 |
| Johnson | May 28, 2004 | June 4, 2004 | June 11, 2007 |
| Oles | May 9, 2004 | May 21, 2004 | July 16, 2007 |
| Pozniak | June 19, 2004 | June 25, 2004 | July 30, 2007 |
| Spano | May 30, 2004 | June 11, 2004 | June 8, 2007 |

Accordingly, all the above plaintiffs, except Plaintiff Spano, are due to be dismissed as the commencement of their FLSA action is later than three years from the date of their last payday for an uncompensated/undercompensated work period. Since (by this Court's

---

[3]As of the date of the filing of this Motion, Plaintiff Farmer continues to work for Dollar Tree, but, after this date, he works as an Assistant Manager rather than a Store Manager. This collective action is brought on behalf of Store Managers only. (Complaint, Doc. 1.)

calculations) Spano was last paid on June 11, 2004 and he commenced this action on June 8, 2007, his last pay day falls within the statutory period and remains a viable claim, unless further evidence demonstrates otherwise.

IV. Conclusion

Plaintiffs Boland, Clark, Cox, Farmer, Jarvis, Johnson, Oles, and Pozniak are due to be DISMISSED. Defendant's Motion is DENIED in all other respects. Plaintiffs' request for an award for costs and fees associated with this filing is DENIED. Defendant's request for an award for costs and fees associated with this filing is DENIED. Plaintiff is ORDERED not to include their incurred costs and fees that are associated with this Motion in any future request for costs and fees they may seek pursuant to any successful resolution of this matter. An Order consistent with this opinion will be entered.

Done this 5th day of May 2009.

_____

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
153671