
FILED
2009 May-20  AM 11:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| SUSIE KNOTT, *et al.*, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 7:06-CV-1553-LSC |
| | ) | |
| DOLLAR TREE STORES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| CHELSIE RICHARDSON, | ) | |
| CYNTHIA ANN COLLINS, | ) | |
| BERYL DAUZAT, on behalf of | ) | |
| themselves and others similarly | ) | |
| situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | 6:08-CV-0693-LSC |
| | ) | |
| DOLLAR TREE STORES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OF OPINION

I.    Introduction

The matter before this Court is Defendant's Motion for Summary

Judgment Regarding Opt-In Plaintiffs Who Failed to Disclose Claims Against Dollar Tree in Bankruptcy Petitions. (Doc. 157.) Defendant moves this Court to dismiss Plaintiffs Cindy Burnett, Donald Burris, Arleva Craven, Cheryl Gage, Bully Hodges, Denis Ingham, Priscilla Jarrell, Jerry Jones, Nichelle Nichols-Abney, Dana Ogle, Kathy Penrod, Bradley Riddle,[1] Lorrie Silva Choate, and Barbara Ziegweid. Defendant asserts these Plaintiffs either failed to disclose their FLSA claims against Dollar Tree to the Bankruptcy Court in their bankruptcy proceedings, or failed to amend their disclosures to include their claims in this action. Dollar Tree argues that each of the above-listed Plaintiffs are judicially estopped from continuing the instant action and that those Plaintiffs who filed Chapter 7 claims in Bankruptcy Court lack standing to bring their FLSA claims.

II.    Facts[2]

---

[1]

The Defendant asserts that Plaintiff Riddle filed a Chapter 13 petition; however, the docket from the bankruptcy court that Defendant includes with its motion shows Riddle sought Chapter 7 protection. (Exhibit A25, Doc. 158.)

[2]

The facts set out in this opinion are taken from the parties' submissions of facts claimed to be undisputed, their respective responses to those submissions, and the Court's own examination of the evidentiary record. All reasonable doubts about the facts have been resolved in favor of the non-moving party. *See Info. Sys. & Network Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002). These are the "facts" for the summary judgment purposes only. They may or may not be the "actual" facts. *See Cox v. Adm'r*

The following facts are undisputed. Each of the following plaintiffs are Opt-In Plaintiffs in the instant action and each have failed to disclose their claims in their bankruptcy proceedings. Each plaintiff, pertinent dates, and type of bankruptcy proceeding are listed in the table below.[3]

| Plaintiff | Bankruptcy Chapter Filing | Date of Petition | Date of Discharge/ Dismissal | Date of Opt-in Signature | Date of Opt-In Filing |
|---|---|---|---|---|---|
| Cindy Burnett | Chapter 13 | June 25, 2007 | | June 6, 2007 | June 11, 2007 |
| Donald Burris | Chapter 13 | April 8, 2005 | | July 15, 2007 | July 19, 2007 |
| Arleva Craven | Chapter 13 | December 16, 2004 | March 10, 2008 (discharged) | June 10, 2007 | June 25, 2007 |
| Cheryl Gage | Chapter 13 | August 28, 2006 | | June 5, 2007 | August 2, 2007 |

---

*U.S. Steel & Carnegie Pension Fund*, 17 F.3d 1386, 1400 (11th Cir. 1994).

[3] The dates in this table are taken from the opt-in consents filed in this case, as well as the docket record in the bankruptcy proceedings that were provided by Defendant as an attachment to their Motion. In some instances, the dates given by the Defendant in its brief are at odds with these dates (see, for example, Doc. 158, p. 3 which lists Cindy Burnett as having filed her opt-in consent on "June 12, 2007" where the opt-in consent itself is stamped on "June 11, 2007"). While these discrepancies do not materially affect this Court's determination, for clarity's sake, it should be made clear that these dates are the dates reflected in the evidentiary record.

| | | | | | |
|---|---|---|---|---|---|
| Billy Hodges | Chapter 13 | April 30, 2007 | | June 11, 2007 | June 18, 2007 |
| Jerry Jones | Chapter 13 | October 9, 2006 | | May 6, 2007 | June 8, 2007 |
| Nichelle Nichols-Abney | Chapter 13 | July 30, 2008 | | June 1, 2007 | June 14, 2007 |
| Kathy Penrod | Chapter 13 | October 24, 2007 | February 23, 2008 (dismissed without discharge) | May 6, 2007 | June 14, 2007 |
| Lorrie Silva Choate | Chapter 13 | October 14, 2005 | | Jule 20, 2007 | July 27, 2007 |
| Barbara Ziegweid | Chapter 13 | September 2, 2005 | | June 22, 2007 | July 26, 2007 |
| Denis Ingham | Chapter 7 | May 4, 2007 | August 20, 2007 | June 6, 2007 | June 8, 2007 |
| Priscilla Jarrell | Chapter 7 | February 19, 2007 | June 7, 2007 | May 6, 2007 | June 11, 2007 |
| Bradley Riddle | Chapter 7 | April 18, 2007 (Re-opened September 10, 2007) | September 11, 2007 | June 5, 2007 | June 11, 2007 |
| Dana Ogle | Chapter 7 | January 15, 2008 | May 2, 2008 | July 14, 2007 | July 19, 2007 |

In addition to these explicitly agreed upon facts, Defendant asserts that none of the above plaintiffs amended their bankruptcy petitions, if their claims arose after the filing of the petition, to reflect their claims in this suit. Plaintiffs assert in their brief, and show through an attached exhibit, (Exhibit B, Doc. 180.), that Cindy Burnett amended her bankruptcy petition on January 6, 2009, to reflect her interest in the instant action. (It should be noted that Defendant's Motion was filed on December 17, 2008.)

Plaintiffs' counsel also asserts in a sworn affidavit that: Plaintiff Craven, who filed her bankruptcy petition on December 16, 2004, was not employed as a Store Manager until April 1, 2006, and ceased working as a Store Manager on May 4, 2007; that Plaintiff Gage who filed her bankruptcy petition on August 28, 2006, was employed as a Store Manager from the limitations period until April 27, 2007; that Plaintiff Jones, who filed a bankruptcy petition on October 9, 2006, was employed as a Store Manager from the limitations period until March 30, 2007; and that Plaintiff Ziegweid, who filed her bankruptcy petition on September 2, 2005, was employed as a Store Manager from the limitations period until November 2, 2007. Defendant does not, in its reply

brief, dispute these dates of employment.

III.    Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the evidence] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant can meet this burden by presenting evidence showing that there is no genuine dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23. In evaluating the arguments of the movant, the court must view the evidence in the light most favorable to the nonmoving party. *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996).

Once the moving party has met this burden, Rule 56(e) "requires the

nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)). "A factual dispute is genuine only if a 'reasonable jury could return a verdict for the nonmoving party.'" *Info. Sys. & Networks Corp.*, 281 F.3d at 1224 (quoting *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437 (11th Cir. 1991)).

"[A]t the summary judgment stage the judge's function is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249 (1986). However, judges are not "required to submit a question to a jury merely because some evidence has been introduced by the party having the burden of proof, unless the evidence be of such character that it would warrant the jury finding a verdict in favor of that party. *Id.* at 251 (*quoting Improvement Co. v. Munson*, 14 Wall. 442, 448 (1872)). "This standard mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a), which is that the trial judge must direct a verdict if, under governing law, there can be but one reasonable conclusion as to the verdict." *Id.* at 250.

IV.    Discussion

    A.    Chapter 7 Plaintiffs

The Court will first address those Plaintiffs who have filed Chapter 7 petitions. Prior to the Eleventh Circuit's decision in *Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268 (11th Cir. 2004), the law of this Circuit clearly treated undisclosed pre-petition claims in Chapter 7 and Chapter 13 proceedings in the same way; that is, in both Chapter 7 and Chapter 13 proceedings, undisclosed pre-petition claims could be dismissed under the doctrine of judicial estoppel. *See Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1288 (11th Cir. 2002) (barring undisclosed claim in Chapter 7 proceeding); *DeLeon v. Comcar Indus., Inc.*, 321 F.3d 1289, 1291 (11th Cir. 2003) (extending *Burnes* to Chapter 13 cases). However, in *Parker*, the court questioned the appropriateness of applying judicial estoppel to Chapter 7 causes at all.  365 F.3d 1268 at 1272. The court reasoned that judicial estoppel was inapplicable because the debtor lacks standing to maintain the underlying claim. 365 F.3d 1268, 1272 (11th Cir. 2004). The panel's reasoning in *Parker* flowed from a close reading of the bankruptcy code. When a debtor files for Chapter 7 protection, "virtually all of the debtor's assets, both tangible and intangible, vest in the bankruptcy

estate upon filing of a bankruptcy petition." *Id.* (citing 11 U.S.C. § 541(a)(1)). This includes causes of action belonging to the debtor at the commencement of bankruptcy. *Id.* Any rights a debtor has in an asset are extinguished once that asset becomes part of the bankruptcy estate unless and until the asset is abandoned back to the debtor pursuant to 11 U.S.C. § 554(d). *Id.* "Failure to list an interest on a bankruptcy schedule leaves that interest in the bankruptcy estate." *Id.* (internal citations omitted). Plaintiff Ogle filed an opt-in consent on July 19, 2007, and her Chapter 7 petition on January 15, 2008. Thus, under *Parker*, Ogle lacks standing to bring her instant, *pre-petition* cause of action since the cause of action belongs to the Chapter 7 trustee.

At first blush, it appears that *Burnes* and *Parker* conflict: in *Burnes*, the panel held that failure to disclose a pre-petition claim in a Chapter 7 proceeding could bar plaintiff's civil suit on judicial estoppel grounds; in *Parker*, the panel *reversed* the district court's dismissal that was based on judicial estoppel – insisting instead that the lack of standing was the "more appropriate defense." *Parker*, 365 F.3d at 1272.

It is axiomatic that when two panel decisions conflict, district courts are

to follow the "prior panel rule" which requires that the earlier decision's holding be followed unless and until the Supreme Court or the Eleventh Circuit sitting *en banc* should overrule the prior decision. *Local Union 48 Sheet Metal Workers v. S.L. Pappas & Co., Inc.*, 106 F.3d 970, 975 (11th Cir. 1997) (internal citations omitted). This Court, however, does not read *Parker* to be so in conflict with *Burnes* as to make each case mutually exclusive in application. The language in *Parker* criticizing *Burnes'* approach merely indicates, to this Court, that standing is an "appropriate" approach, though not necessarily the *only* approach. To borrow from baseball, under a judicial estoppel analysis, a plaintiff who has previously filed a Chapter 7 petition and failed to disclose his claims has already struck out. Under a standing analysis, the plaintiff is not even eligible to be in the line-up; the proper batter is the trustee. Regardless, under either *Burnes* or *Parker*, Plaintiff Ogle's claims are due to be dismissed.[4]

For claims that accrue post-petition in the Chapter 7 context, the law in this Circuit is more clear than for pre-petition claims. The effect that a Chapter 7 filing has on a debtor's pre- and post-petition property has been

---

[4]
See *infra* §§ IV.B.1 & 2 for a discussion of judicial estoppel's application.

laid out succinctly in *In re Brannan*, 40 B.R. 20, 23 n.2 (Bankr. N.D. Ga. 1984):

> When an individual debtor files a Chapter 7 case, all non-exempt property of the Chapter 7 estate is to be liquidated for the benefit of creditors. Because Congress has established a fresh-start policy for the debtor, a new post-petition estate belonging to the individual debtor is created simultaneously with the filing. Into this individual post-petition estate, the debtor may transfer any property he can exempt out of the Chapter 7 estate as well as post-petition earnings from services he has performed. Other property *which the debtor* receives, after filing and which is not governed by the exceptions in [11 U.S.C.] § 541(a)(5), would also be part of the debtor's fresh start estate.

The Eleventh Circuit recently adopted this view in *In re Bracewell*, 454 F.3d 1234 (11th Cir. 2006). In that case, the Court considered whether statutory monetary assistance, which became available via legislative enaction *after* a petitioner had filed his Chapter 7 petition, was the property of the estate or of the debtor. The Court considered 11 U.S.C. § 541(a)(1), which defines property of the bankruptcy estate as "all legal and equitable interests of the debtor in property as of the commencement of the case." The Court deemed the plain language of the statute to mean that the commencement of the bankruptcy case was the "key date" for determining the relevant property definition. *Id.* at 1237. Thus, the Court concluded that "the property of the debtor's estate is property the debtor had when the bankruptcy case

commences, not property he acquires after." *Id*.

Thus, for Chapter 7 Plaintiffs Ingham, Jarrell, and Riddle, if their FLSA claims accrued *after* the filing of their Chapter 7 petitions, their claims properly belong to them, not the bankruptcy estate; they would not only have standing to bring these claims, but they would also not be estopped from pursuing their actions. Also, there would be no requirement to amend their bankruptcy petition to reflect their after-acquired property interest.

This Court must then determine when these Plaintiffs' claims accrued. FLSA overtime wage claims accrue at the date of the payday for the pay period during which the plaintiff was noncompensated/undercompensated. *See Freeman v. Nat'l Broadcasting Co., Inc.*, 846 F. Supp. 1109, 1159 (S.D.N.Y. 1993). While Plaintiffs Ingham, Jarrell, and Riddle opted-in to the instance case *after* filing their bankruptcy petitions, it is not clear from the evidence submitted to this Court whether they were employed and paid before or after the filing of their petitions. Given the gap of a mere few months between their petitions and their opt-ins, it seems almost certain that each of these three plaintiffs' claims did in fact accrue pre-petition. Regardless, without knowing the dates of employment and payment, this

Court cannot definitively conclude whether Ingham, Jarrell, and Riddle's claims should be dismissed or permitted to proceed. Thus, taking the facts in a light most favorable to the non-moving party, Defendant's Motion as to Ingham, Jarrell, and Riddle is due to be denied.[5]

B.    Judicial Estoppel

Unlike Chapter 7 petitioners, Chapter 13 petitioners maintain standing to pursue causes of action that accrue pre-petition. *See* 11 U.S.C. § 1303; *see also Crosby v. Monroe Cty.*, 394 F.3d 1328, 1331 n.2 (11th Cir. 2004). However, debtors who fail to disclose pre-petition claims, or who fail to amend their petitions to disclose post-petition claims, may be judicially estopped from proceeding in a civil suit. Judicial estoppel is a doctrine that allows a court, in its discretion, to prevent a party from asserting a claim in a legal proceeding that is inconsistent with a claim made in another

---

[5]

It is worth pointing out that it is of no moment that the debtor did not learn of a claim until after filing his petition; the claim was extant before he entered bankruptcy. The relevant inquiry for whether the property is the debtor's or not (and therefore whether the debtor has standing or not) is not when he became aware of the claim but when the claim itself objectively accrued. The debtor's subjective knowledge is only relevant to a judicial estoppel inquiry and not the standing inquiry or property determination for Chapter 7 cases. *See Ajaka v. Brooksamerica Mortgage Corp.*, 453 F.3d 1339, 1344 (11th Cir. 2006) (panel focused on date of debtor's knowledge of claim, rather than when claim objectively accrued, for judicial estoppel analysis.); *see also infra* § IV.B.2.

proceeding. *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001). The

doctrine's equitable purpose is to prevent the "mockery" of the judicial

process. *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1285 (11th Cir. 2002).

The Eleventh Circuit has articulated two factors that a district court should

consider in its application of judicial estoppel. *Id*. First, "'it must be shown

that the allegedly inconsistent positions were made under oath in a prior

proceeding.'" *Id*. (quoting *Salomon Smith Barney, Inc. v. Harvey, M.D.*, 260

F.3d 1302, 1308 (11th Cir. 2001). Second, "'such inconsistency must be shown

to have been calculated to make a mockery of the judicial system.'" *Id*.

*(*quoting *Salomon*). The Eleventh Circuit has also stated that "these two

enumerated factors are not inflexible or exhaustive; rather courts must always

give due consideration to all of the circumstances of a particular case when

consideration applicability of this doctrine." *Id*.

  1. Inconsistent Representations

  There seems to be no question that Chapter 13 Plaintiffs Burnett,[6]

_____

  [6]

Plaintiff Burnett has shown that she has amended her schedule of assets to reflect the
instant action. However, this occurred *after* the Defendant had filed this Motion. The
Eleventh Circuit has determined that an attempted amendment, after being challenged
by an adversary, does not cure the inconsistent representations. *Burnes*, 291 F.3d at
1288 ("Allowing [Plaintiff] to back-up . . . amend his bankruptcy filings, only after his
omission has been challenged by an adversary, suggests that a debtor should consider

Nichols-Abney, and Penrod filed their bankruptcy petitions after opting-in to the instant case. Thus, these Plaintiffs have clearly made inconsistent averments to the courts. *See Barger v. City of Cartersville*, 348 F.3d 1289, 1294 (11th Cir. 2003) (petitioner made inconsistent statements under oath when she failed to disclose pending discrimination suit in schedule of assets to bankruptcy court); *DeLeon v. Comcar Indus.*, 321 F.3d 1289, 1291 (11th Cir. 2003) (same). As for the remaining Plaintiffs whose bankruptcy petitions were pending at the time of their opt-in, debtors are under a continuing duty to disclose assets in bankruptcy proceedings. 11 U.S.C. § 521(1), 541(a)(7). "'The duty to disclose is a continuing one that does not end once the forms are submitted to the bankruptcy court; rather, the debtor must amend his financial statements if circumstances change.'" *Ajaka v. Brooksamerica Mortgage Corp.*, 453 F.3d 1339, 1344 (11th Cir. 2006) (quoting *Burnes*, 291 F.3d at 1286). Undisclosed post-petition claims should be disclosed since they are the property of the estate. *In re Waldron*, 536 F.3d 1239, 1242 (11th Cir. 2008) (holding that a tort claim accruing after filing of Chapter 13 petition but

---

disclosing potential assets only if he is caught concealing them. This so-called remedy would only diminish the necessary incentive to provide the bankruptcy court with truthful disclosure of the debtor's assets."). Accordingly, Plaintiff Burnett's argument is unavailing.

before estate closing is the property of the estate). *See also Ajaka*, 453 F.3d at 1344 (finding first prong of judicial estoppel test satisfied where plaintiff failed to timely amend his pending Chapter 13 petition after learning of his Truth in Lending Act claim against a creditor). Thus, in the instant case, it is immaterial whether Plaintiff worked for Defendant and was underpaid *before* filing their petitions and purposefully did not disclose the asset; or if the plaintiff was not aware of his or her claim for wages earned before the filing of the petition until after the filing; or if the plaintiff did not even work for Defendant until after the filing of the petition (but before discharge) – once a Plaintiff opted-in to the instant suit and did not amend his or her petition, he or she has made an inconsistent statement to the court.[7] The evidence shows that Plaintiffs Burris, Craven, Gage, Hodges, Jones, Silva and Ziegweid all filed opt-in consents in this case after filing Chapter 13 petitions and did not amend their schedule of assets despite their continuing duty to do so.

---

[7]

Plaintiffs rely on the unpublished Eleventh Circuit decision of *Muse v. Accord Human Resources, Inc.*, 129 Fed. App'x 487 (11th Cir. 2005) for the proposition that claims that accrue after plan confirmation are not part of the estate and need not be disclosed, thereby rendering judicial estoppel inapplicable. However, as discussed earlier, *In re Waldron*, a published opinion and the law of this Circuit, clearly holds that after-acquired property in a Chapter 13 case *does* belong to the bankruptcy estate, necessitating disclosure. Whether this property was acquired after plan confirmation is immaterial.

Accordingly, this Court finds these Plaintiffs also have made inconsistent representations to the court, thereby satisfying the first prong of the estoppel analysis.

        2.    Intent

Because all the Chapter 13 Plaintiffs satisfy the first prong, the instant inquiry turns on the question of intent. For judicial estoppel to apply, the party must intend a purposeful contradiction – simple error or inadvertence is not enough. *Barger*, 348 F.3d at 1294 (internal citations omitted). This Circuit, following the lead of the Fifth Circuit, has noted that "'the debtor's failure to satisfy its statutory disclosure duty is "inadvertent" only when, in general, the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment.'" *Burnes*, 291 F.3d at 1287 (quoting *In re Coastal Plains, Inc.*, 179 F.3d 197, 210 (5th Cir. 1999). When a debtor has filed suit prior to petitioning for bankruptcy and fails to disclose the suit as a contingent asset, the Eleventh Circuit has consistently found that the debtor neither lacked knowledge of the claim nor lacked a motive to conceal (since the asset would not be liquidated (in Chapter 7) or (encumbered (in Chapter 13)). *See Burnes*, 291 F.3d 1282; *Barger*, 348 F.3d 1289; *De Leon*, 321 F.3d

1289. Accordingly, it is clear that Chapter 13 Plaintiffs Burnett and Nichols-Abney[8], because they failed to disclose their pending FLSA action in their bankruptcy petition, are due to be dismissed.[9]

For those Chapter 13 Plaintiffs that filed their opt-ins *after* petitioning

---

[8]

Plaintiff Penrod, who like Burnett and Nichols-Abney, failed to disclose this action in her bankruptcy petition, was dismissed, without discharge of debts, from her bankruptcy proceeding on February 23, 2008.

[9]

This Court is, of course, aware that the Supreme Court has cautioned that judicial estoppel should not be applied merely as a matter of course as the result of "inflexible prerequisites or an exhaustive formula"; instead, district courts are to consider "specific factual contexts." *New Hampshire*, 532 U.S. at 751. However, as to the Plaintiffs, the facts militate in favor of applying judicial estoppel. Plaintiff Burnett filed her opt-in consent 13 days before petitioning for bankruptcy; she, as of December 2008 (approximately one and half years later), had not amended her schedule of assets. Plaintiff Nichols-Abney opted-in on June 14, 2007, and filed her second petition for bankruptcy on June 30, 2008; she had not amended her schedule by December 2008. Plaintiff Ogle opted-in on July 19, 2007, and filed for Chapter 7 protection on January 15, 2008. She was discharged on May 2, 2008. Each of the plaintiffs was well aware of the claims *before* filing bankruptcy and each benefitted from non-disclosure (Plaintiff Ogle by receiving a discharge of debt without implicating his FLSA claims and the Chapter 13 Plaintiffs by having payment plans confirmed that failed to account, for the benefit of themselves and to the detriment of their creditors, the potential property value of these instant claims.) Furthermore, each Plaintiff had failed, either for a span of some months or more than a year to amend their petitions to reflect these claims. Accordingly, to prevent these Plaintiffs from making a mockery of these proceedings and "gaming" the civil justice system for what, under *Burnes*, can be the imputed motives of arbitrage and opportunism, these Plaintiffs are due to be dismissed. Furthermore, while there is no bright line rule, this Circuit has consistently found dismissal warranted in cases where the debtor failed to disclose a pending and already filed suit in a bankruptcy petition. *See De Leon*, 321 F.3d at 1292. ("Because De Leon certainly knew about his claim and possessed a motive to conceal it because his amount of repayment would be less, we can infer . . . his intent "'to make a mockery of the judicial system.'") *Compare* discussion *infra* p.22.

for bankruptcy protection, the issue is less cut-and-dried. The three leading Eleventh Circuit cases all involved plaintiffs who, prior to filing bankruptcy, had initiated prosecution of a claim, and their failure to disclose these suits in subsequent bankruptcy petitions served as sufficient indicia of knowledge of the claim and intent to conceal. *See Burnes*, 291 F.3d 1282; *Barger*, 348 F.3d 1289; *De Leon*, 321 F.3d 1289. District courts in the Eleventh Circuit also appear to apply judicial estoppel most often in those cases where the plaintiff filed suit prior to the bankruptcy petition. *See Snowden v. Fred's Stores of Tennessee*, 419 F. Supp. 2d 1367, 1371 (M.D. Ala. 2006) (collecting cases). (In the one recent Eleventh Circuit case to touch on the issue of whether a failure to amend a bankruptcy petition warranted application of judicial estoppel, the court did not base its decision on the issue; it reversed the defendant's grant of summary judgment because, despite the failure of the plaintiff to timely amend his schedule of assets, the creditors were nevertheless aware of the claim and were therefore not prejudiced. *See Ajaka*, 453 F.3d at 1345-46.)

Nevertheless, debtor's are required to amend their schedule of assets during the pendency of the bankruptcy proceedings. *See Ajaka*, 453 F.3d at

1344 (citing 11 U.S.C. §§ 521(1), 541(a)(7)). Perhaps these Plaintiffs could not have scheduled their opt-in claims at the initiation of their bankruptcy cases since they had not, in fact, opted-in.[10] Thus, for these Plaintiffs whose claims were initiated after bankruptcy had been filed, and in light of the ongoing duty to amend, the question boils down to how long a time must pass, after opting-in, before the failure to amend becomes so great as to militate for a finding of intent under the judicial estoppel analysis. *See*, *e.g.*, *Snowden*, 419 F. Supp. 2d at 1374.

---

[10] This Court does not entertain the argument that, even though the Plaintiffs had not filed their opt-in, they nevertheless had knowledge of these claims as they had accrued *before* the petition filing because Dollar Tree had (allegedly) failed to pay them on one or more pay dates their owed wages. As discussed above, the question of *knowledge*, and not *accrual*, is the proper focus of this prong of the inquiry. Keeping in mind that judicial estoppel is an equitable doctrine, this Court reads the example of *Ajaka* (albeit in *dicta*) to demonstrate that what must be considered is the plaintiffs *subjective* knowledge of the claim, not the objective accrual of that claim. *See Ajaka*, 453 F.3d at 1343-44 (stressing that plaintiff had not timely amended his bankruptcy petition to include an extant claim, but calculating timeliness from the date he was informed of the potential TILA claim by an attorney and not from when the claim accrued which arose from irregularly prepared loan documents executed pre-petition). Looking at the evidence in a light most favorable to the Plaintiffs, this Court must look to the incontrovertible evidence of knowledge. While Defendant argues that the date of the opt-in is relevant, this Court is also aware of the dates that the Plaintiffs' themselves wrote when signing their opt-ins, all of which are on file with the Court. These signature dates predate the filing of the opt-in forms from a few days to a few months. Plaintiffs certainly subjectively knew they had a potential cause of action in the instant action on the date they signed their consents; this Court could also consider the date the Plaintiffs signed the opt-in authorizing participation in this suit. However, whether the date of signature or the date of filing is considered, either date puts these Chapter 13 Plaintiffs woefully tardy in amending their petitions.

For Plaintiffs Burris, Craven, Gage, Hodges, Jones, Silva, and Ziegweid, each opted-in to the present action in the spring or summer of 2007. The Defendant filed this Motion in December 2008. This means that for each of these Plaintiffs, almost a year and a half passed, after they conclusively had knowledge of their FLSA claims, without any attempt to amend their bankruptcy petitions.[11] At least one district judge in this circuit has ruled that a four month delay, without more, is insufficient to warrant application of judicial estoppel. *Id.* (Thompson, J.). However, knowledge combined with delay, at some point in time, is indicia of an intent to deceive rather than mere inadvertence. *See id.* ("The court recognizes that a delay amending bankruptcy filings can be probative of a party's intent, and a lengthy delay alone could warrant the finding that the plaintiff intended to mislead the bankruptcy court.")

In this case, a delay of approximately eighteen months lapsed for each of the above Chapter 13 Plaintiffs between the filing and/or signing of the opt-ins and the Defendant's instant Motion. Only one plaintiff, Burnett, has attempted to amend her opt-in. Furthermore, each Plaintiff had reason to

---

[11]Plaintiff Craven was discharged on April 8, 2008, after the filing of her opt-in consent.

omit the instant claims as the failure to disclose the asset would preserve the asset consideration by the bankruptcy court and/or creditors when the debtor's Chapter 13 plan was implemented. If a plaintiff succeeds in omitting the instant claims, as is the case here, he or she would take any recovery free and clear of debt. This is precisely the kind of "motive to conceal" the Eleventh and Fifth Circuits have discussed. *See Burnes*, 291 F.3d at 1287; *In re Coastal Plains, Inc.*, 179 F.3d at 210.

Plaintiffs put forth no evidence, other than a generalized argument against inequity, to mitigate Plaintiffs' apparent recalcitrance in the face of a duty to amend their petitions. The facts here do not appear to be like those in *Ajaka* where the plaintiff informed his attorneys, the trustee, and creditors of his claim in discussions and eventually amended his petition to reflect information that was known to the court and his adversaries.

Accordingly, this Court finds that these delays of more than a year in amending the bankruptcy petitions, is sufficient evidence, when looking at the specific factual context of each plaintiff and, when considering the evidence in a light most favorable to the plaintiff, to demonstrate an intent to deceive so as to warrant judicial estoppel.

V.    Conclusion

Plaintiffs Burnett, Nichols-Abney, Ogle, Craven, Burris, Gage, Hodges, Jones, Choate, Ziegweid, and Penrod are due to be dismissed. Defendant's Motion for Summary Judgment is due to be denied in all other respects. If the Defendant can offer evidence showing that the dismissal of Plaintiffs Ingham, Jarrell, and Riddle is warranted under the analysis provided herein, it may do so in an appropriate and timely motion to reconsider.  A separate order will be entered.

Done this 20th day of May 2009.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
153671