IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| SUSIE KNOTT, *et al.*, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 7:06-CV-1553-LSC |
| | ) | |
| DOLLAR TREE STORES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| CHELSIE RICHARDSON, | ) | |
| CYNTHIA ANN COLLINS, | ) | |
| BERYL DAUZAT, on behalf of | ) | |
| themselves and others similarly | ) | |
| situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | 6:08-CV-0693-LSC |
| | ) | |
| DOLLAR TREE STORES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

The matter before this Court is Defendant Dollar Tree Stores, Inc.'s

("Dollar Tree") Motion for Reconsideration for Summary Judgement. (Doc.

243.) In an earlier Order (Doc. 241), this Court dismissed several Plaintiffs for failing to disclose their instant claims in bankruptcy proceedings. However, three of the Plaintiffs, Denis Ingham, Priscilla Jarrell, and Bradely Riddle, were not dismissed because the factual record was incomplete. Specifically, each of these Plaintiffs had filed for Chapter 7 protection, and Dollar Tree argued that their instant claims had not been disclosed to the bankruptcy court. As this Court noted in its Opinion (Doc. 240.), in Chapter 7 proceedings, if a claim accrues before the filing of the petition, it belongs to the bankruptcy estate; if it accrues after the petition, it belongs to the debtor. *Id.* at 12. FLSA claims accrue from the date of the last payday for the period during which the plaintiff was noncompensated/undercompensated. *See Freeman v. Nat'l Broadcasting Co., Inc.*, 846 F. Supp. 1109, 1159 (S.D.N.Y. 1993), *rev'd on other grounds by* 80 F.3d 78 (2d Cir. 1996). Because there was insufficient evidence to determine exactly when these three Plaintiffs were last paid, and hence when their claims accrued, this Court denied summary judgment as to these Plaintiffs and invited the Defendants to move to reconsider and supplement the record. Defendants have done so, and the evidence indicates that each

Plaintiff was last paid by Dollar Tree before the filing of their Chapter 7 petitions. It should also be noted that Plaintiffs have not responded to this Motion.

Accordingly, and for the reasons given in the Memorandum Opinion in the original grant of summary judgement, Plaintiffs Ingham, Jarrell, and Riddle are due to be DISMISSED WITH PREJUDICE. An Order consistent with this opinion will be entered contemporaneously.

Done this <u>5th</u> day of <u>August 2009.</u>

/s/ L. Scott Coogler

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE