FILED

2010 Jul-20  PM 03:32
U.S. DISTRICT COURT
N.D. OF ALABAMA



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| SUSIE KNOTT, *et al.*, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 7:06-CV-1553-LSC |
| | ) | |
| DOLLAR TREE STORES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| CHELSIE RICHARDSON, | ) | |
| CYNTHIA ANN COLLINS, | ) | |
| BERYL DAUZAT, on behalf of | ) | |
| themselves and others similarly | ) | |
| situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | 7:08-CV-0693-LSC |
| | ) | |
| DOLLAR TREE STORES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION

I.     Introduction.

The matter before this Court is Defendant Dollar Tree Stores, Inc.'s

("Dollar Tree") Motion for Summary Judgment Regarding Additional Opt-In Plaintiffs who Failed to Disclose Claims against Dollar Tree in Bankruptcy Petitions.  (Doc. 314.)  Defendant moves this Court to dismiss Plaintiffs Rena Anderson, Edna Bolton, David Edwin Ligatich, John Robert Matson, Brian K. Mitchell, Tony Campbell, Richard Hosker, Margaret McCullar, and Thomas Nott.  Defendant asserts Plaintiff Bolton should be judicially estopped from pursuing her claim here because she failed to disclose the claim in her Chapter 13 bankruptcy petition.  Defendant asserts that Plaintiffs Anderson, Ligatich, Matson, Mitchell, Campbell, Hosker, McCullar, and Nott should be dismissed because, as Chapter 7 bankruptcy debtors, they lack standing to bring a cause of action for the pre-petition claims at issue here.  This matter, having been fully briefed, is now ripe for consideration. For the reasons stated below, Defendant's motion is due to be granted.

II.     Facts.[1]

---

[1] The facts set out in this opinion are taken from the Parties' submissions of facts claimed to be undisputed and the Court's own examination of the evidentiary record.  All reasonable doubts about the facts have bene resolved in favor of the non-moving party.  *See Info. Sys. & Network Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002).  These are the "facts" for summary judgment purposes only.  They may or may not be the "actual" facts.  *See Cox v. Adm'r U.S. Steel & Carnegie Pension Fund*, 17 F.3d 1386, 1400 (11th Cir. 1994).

The following individuals are Opt-In Plaintiffs in this case.  Anderson, Ligatich, Matson, Mitchell, and Nott opted into the present action before they filed their Chapter 7 bankruptcy petitions, but failed to disclose their claims against Defendant in their bankruptcy filings.  Campbell, Hosker, and McCullar opted in after they had already filed for Chapter 7 bankruptcy. Bolton opted in prior to filing for Chapter 13 bankruptcy, but failed to disclose her claim against Dollar tree in her bankruptcy petition.  She amended her Chapter 13 schedules to reflect the claim in the present action on April 8, 2009, approximately four months after she initially filed for bankruptcy, and the day after she was asked about her bankruptcy action in a deposition by Defendant.  Each plaintiff, pertinent dates, and type of bankruptcy proceeding are listed in the table below.

| Plaintiff | Bankruptcy Chapter Filing | Date of Petition | Date of Opt-In Signature | Date of Last Paycheck |
|---|---|---|---|---|
| Rena M. Anderson | 7 | 1/25/2008 | 9/28/2007 | 9/9/2005 |
| Tony Campbell | 7 | 10/11/2006 | 7/7/2007 | 3/25/2005 |
| Richard Hosker | 7 | 8/3/2006 | 6/3/2007 | 10/14/2005 |

| David Edwin Ligatich | 7 | 11/19/2008 | 6/4/2006 | 11/10/2006 |
|---|---|---|---|---|
| John Robert Matson | 7 | 10/31/2008 | 6/7/2007 | 5/21/2007 |
| Margaret McCullar | 7 | 10/11/2005 | 6/4/2007 | 6/10/2005 |
| Brian K. Mitchell | 7 | 8/4/2008 | 7/25/2007 | 12/29/2006 |
| Thomas Nott | 7 | 12/12/2007 | 6/6/2007 | 11/24/2006 |
| Edna Bolton | 13 | 1/6/2009 | 6/5/2007 | 1/18/2008 |

III.    Summary Judgment Standard.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the evidence] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The movant can meet this burden by presenting evidence showing that there is no genuine dispute of material fact, or by

showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23.  In evaluating the arguments of the movant, the court must view the evidence in the light most favorable to the nonmoving party. *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996). Once the moving party has met this burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)).  "A factual dispute is genuine only if a 'reasonable jury could return a verdict for the nonmoving party.'" *Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d at 1224 (quoting *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437 (11th Cir. 1991)).

"[A]t the summary judgment stage the judge's function is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249 (1986).  However, judges are not "required to submit a

question to a jury merely because some evidence has been introduced by a party having the burden of proof, unless the evidence be of such character that it would warrant the jury finding a verdict in favor of that party. *Id.* at 251 (*quoting Wilkerson v. McCarthy*, 336 U.S. 53, 62 (1872)).  "This standard mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a), which is that the trial judge must direct a verdict if, under governing law, there can be but one reasonable conclusion as to the verdict." *Id.* at 250.

IV.    Discussion.

This Court previously granted summary judgment for Defendant as to several opt-in plaintiffs who failed to disclose their claims against Defendant in their Chapter 7 and Chapter 13 bankruptcy petitions.  (Doc. 241, Doc. 262.)   The analysis here is akin to the analysis the Court undertook in reaching those decisions, and dictates a similar result.

A.    Chapter 7 Plaintiffs.

Prior to the Eleventh Circuit's decision in *Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268 (11th Cir. 2004), the law of this Circuit treated undisclosed pre-petition claims in Chapter 7 and Chapter 13 proceedings in the same

way; that is, in both Chapter 7 and Chapter 13 proceedings, undisclosed pre-petition claims could be dismissed under the doctrine of judicial estoppel. *See Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1288 (11th Cir. 2002) (barring undisclosed claim in Chapter 7 proceeding); *DeLeon v. Comcar Indus., Inc.*, 321 F.3d 1289, 1291 (11th Cir. 2003) (extending *Burnes* to Chapter 13 cases).   However, in *Parker*, the court questioned the appropriateness of applying judicial estoppel to Chapter 7 causes at all.  365 F.3d at 1272.  The court reasoned that judicial estoppel was inapplicable because the debtor lacks standing to maintain the underlying claim. *Id*.  The panel's reasoning in *Parker* flowed from a close reading of the bankruptcy code.  When a debtor files for Chapter 7 protection, "virtually all of the debtor's assets, both tangible and intangible, vest in the bankruptcy estate upon filing of a bankruptcy petition." *Id*.  (citing 11 U.S.C. § 541(a)(1)).  This includes causes of action belonging to the debtor at the commencement of bankruptcy. *Id*.  Any rights a debtor has in an asset are extinguished once that asset becomes part of the bankruptcy estate unless and until the asset is abandoned back to the debtor pursuant to 11 U.S.C. § 554(d). *Id*.  "Failure to list an interest on a bankruptcy schedule leaves that interest in the

bankruptcy estate." *Id.* (internal citations omitted).

At first blush, it appears that *Burnes* and *Parker* conflict: in *Burnes*, the panel held that failure to disclose a pre-petition claim in a Chapter 7 proceeding could bar plaintiff's civil suit on judicial estoppel grounds; in *Parker*, the panel *reversed* the district court's dismissal that was based on judicial estoppel—insisting instead that lack of standing was the "more appropriate defense." *Parker*, 365 F.3d at 1272.

It is axiomatic that when two panel decisions conflict, district courts are to follow the "prior panel rule" which requires that the earlier decision's holding be followed unless and until the Supreme Court or the Eleventh Circuit sitting *en banc* should overrule the prior decision. *Local Union 48 Sheet Metal Workers v. S.L. Pappas & Co., Inc.*, 106 F.3d 970, 975 (11th Cir. 1997) (internal citations omitted). This Court, however, does not read *Parker* to be so in conflict with *Burnes* as to make each case mutually exclusive in application. The language in *Parker* criticizing *Burnes'* approach merely indicates, to this Court, that standing is an "appropriate" approach, though not necessarily the *only* approach. To borrow from baseball, under a judicial estoppel analysis, a plaintiff who has previously filed a Chapter 7

petition and failed to disclose his claims has already struck out. Under a standing analysis, the plaintiff is not even eligible to be in the line-up; the proper batter is the trustee.

For claims that accrue post-petition in the Chapter 7 context, the law in this Circuit is more clear than for pre-petition claims. The effect that a Chapter 7 filing has on a debtor's pre- and post-petition property has been laid out succinctly in *In re Brannan*, 40 B.R. 20, 23 n.2 (Bankr. N.D. Ga. 1984):

> When an individual debtor files a Chapter 7 case, all non-exempt property of the Chapter 7 estate is to be liquidated for the benefit of creditors. Because Congress has established a fresh-start policy for the debtor, a new post-petition estate belonging to the individual debtor is created simultaneously with the filing. Into this individual post-petition estate, the debtor may transfer any property he can exempt out of the Chapter 7 estate as well as post-petition earnings from services he has performed. Other property *which the debtor* receives, after filing and which is not governed by the exceptions in [11 U.S.C.] § 541(a)(5), would also be part of the debtor's fresh start estate.

The Eleventh Circuit recently adopted this view in *In re Bracewell*, 454 F.3d 1234 (11th Cir. 2006).  In that case, the Court considered whether statutory monetary assistance, which became available via legislative enaction *after* a petitioner had filed his Chapter 7 petition, was the property

of the estate or of the debtor.  The Court considered 11 U.S.C. § 541(a)(1), which defines property of the bankruptcy estate as "all legal and equitable interests of the debtor in property as of the commencement of the case." The Court deemed the plain language of the statute to mean that the commencement of the bankruptcy case was the "key date" for determining the relevant property definition. *In re Bracewell*, 454 F.3d at 1237.  Thus, the Court concluded that "the property of the debtor's estate is property the debtor had when the bankruptcy case commences, not property he acquires after." *Id.*

Thus, if a plaintiff's FLSA claim accrued *after* he filed for Chapter 7 bankruptcy, his interest in the claim belongs to him, not the bankruptcy estate.  Not only would he have standing to bring his claim, but he would not be estopped from pursuing the action.  There would be no requirement to amend his bankruptcy petition to reflect the after-acquired property interest.

FLSA overtime wage claims accrue at the date of the payday for the pay period during which the plaintiff was noncompensated or undercompensated. *See Freeman v. Nat'l Broadcasting Co., Inc.,* 846 F.

Supp. 1109, 1159 (S.D.N.Y. 1993).  The last pay date for each Plaintiff whose

claims are at issue here occurred prior to the date on which that Plaintiff

filed for Chapter 7 bankruptcy.  Thus the claims cannot be characterized as

after-acquired property belonging to the Plaintiffs themselves rather than to

their bankruptcy estates.

Indeed, Plaintiffs do not dispute that "the Chapter 7 Trustee in each

case is the appropriate party to pursue these claims."  (Doc. 337 at 7-8.)

Plaintiffs' only contention is that rather than dismiss the claims of the

Chapter 7 Plaintiffs for lack of standing, the Court should "grant the

plaintiffs/trustees leave to file a motion to substitute each trustee as the

real party in interest within 30 days of the court's order."  *Id*. at 8.

Plaintiffs cite *Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268 (11th Cir.

2004) (discussed *supra*), in support of their argument.  In that case, the

plaintiff failed to disclose her discrimination claim in her Chapter 7

bankruptcy schedules.  Upon discovering this failure, the bankruptcy trustee

moved to intervene or, in the alternative, to be substituted as the real party

in interest.  The district court granted the trustee's motion to intervene.

However, the district court then granted the defendant's motion to dismiss

the plaintiff's claim with prejudice, reasoning that the plaintiff was judicially

estopped from pursuing the claim because of her failure to disclose the claim

in her bankruptcy proceeding.   As discussed above, the Eleventh Circuit

rejected the application of judicial estoppel in favor of a standing analysis,

and reversed the district court's dismissal of the plaintiff's claims on the

theory that the bankruptcy trustee, who had never taken an inconsistent

position under oath with regard to the discrimination claim, could not now

be estopped from pursuing it.  *Id.* at 1272.

Unlike in *Parker*, here the bankruptcy trustees are *not* parties to the

case.  No bankruptcy trustee for any Chapter 7 Plaintiff whose claims are

here at issue has moved to intervene or to substitute himself or herself as the

real party in interest.  Plaintiffs urge the Court to grant the trustees leave

to file motions for substitution within 30 days of the Court's order (Doc. 337

at 8), but the trustees could have filed such motions without leave of the

Court at any point before issuance of the present order and opinion.

Plaintiffs' counsel informed Defendant's counsel in September 2009 that for

each of the Chapter 7 Plaintiffs at issue here, Plaintiffs' counsel would

"write each trustee and give each one the option of being substituted as a

plaintiff in place of each opt-in plaintiff." (Doc. 315, Ex. A and B.) In the ten months between then and now, no Chapter 7 trustee has moved for substitution.   The Court can only conclude from this inaction that the trustees do not wish to assert the claims at issue, and to allow an extra 30 days for the trustees to move for substitution would be an unjustifiable delay.

B.    Edna Bolton.

Plaintiff Bolton opted in to this case on June 5, 2007, and filed her Chapter 13 bankruptcy petition on January 6, 2009.  Initially her bankruptcy petition omitted mention of her claim in the present case.  On April 8, 2009, Bolton amended her bankruptcy schedules to include her claim against Defendant.

Unlike Chapter 7 petitioners, Chapter 13 petitioners maintain standing to pursue causes of action that accrue pre-petition.  *See* 11 U.S.C. § 1303; *see also Crosby v. Monroe Cty.*, 394 F.3d 1328, 1331 n.2 (11th Cir. 2004). However, debtors who fail to disclose pre-petition claims may be judicially estopped from proceeding in a civil suit.   Judicial estoppel is a doctrine that allows a court, in its discretion, to prevent a party from asserting a claim in

a legal proceeding that is inconsistent with a claim made in another proceeding. *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001). The doctrine's equitable purpose is to prevent the "mockery" of the judicial process. *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1285 (11th Cir. 2002). The Eleventh Circuit has articulated two factors that a district court should consider in its application of judicial estoppel. *Id.* First, "it must be shown that the allegedly inconsistent positions were made under oath in a prior proceeding." *Id.* (quoting *Salomon Smith Barney, Inc. v. Harvey, M.D.*, 260 F.3d 1302, 1308 (11th Cir. 2001). Second, "such inconsistency must be shown to have been calculated to make a mockery of the judicial system." *Id. (*quoting *Salomon*). The Eleventh Circuit has also stated that "these two enumerated factors are not inflexible or exhaustive; rather courts must always give due consideration to all of the circumstances of a particular case when considering applicability of this doctrine." *Id.*

There is no question that Bolton initially failed to disclose her claim against Defendant in her bankruptcy schedules. Indeed, Bolton failed to make such a disclosure *even though* Defendant had moved for summary judgment as to opt-in plaintiffs who failed to disclose their claims in

bankruptcy petitions less than one month prior to Bolton's filing of her own Chapter 13 petition.  (Doc. 157.)  Bolton clearly satisfies the first prong of the judicial estoppel test: she made inconsistent statements under oath.

As to the second prong, Bolton asserts that Defendant "has not produced a single piece of evidence showing that Bolton intentionally defrauded the court."  (Doc. 337 at 10.)  This is incorrect.  Defendant produced evidence showing that Bolton filed for Chapter 13 bankruptcy in January 2009 and failed to disclose her claims against Defendant at that time.  This Circuit, following the lead of the Fifth Circuit, has noted that "the debtor's failure to satisfy its statutory disclosure duty is 'inadvertent' only when, in general, the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment." *Burnes*, 291 F.3d at 1287 (quoting *In re Coastal Plains, Inc.*, 179 F.3d 197, 210 (5th Cir. 1999)).  When a debtor has filed suit prior to petitioning for bankruptcy and fails to disclose the suit as a contingent asset, the Eleventh Circuit has consistently found that the debtor neither lacked knowledge of the claim nor lacked a motive to conceal.  *See Burnes*, 291 F.3d 1282 (11th Cir. 2002); *Barger*, 348 F.3d 1289 (11th Cir. 2002); *De Leon*, 321 F.3d 1289 (11th Cir. 2003).  Because

Bolton "knew about [her] claim and possessed a motive to conceal it," we can "infer from the record [her] intent 'to make a mockery of the judicial system.'" *De Leon*, 321 F.3d at 1292 (citing *Burnes*, 291 F.3d at 1285-87).

Bolton's April 8, 2009 amendment adding her claim against Defendant to her bankruptcy schedules does not excuse or cure her failure to disclose it, as required, in her initial bankruptcy filings.  Indeed, circumstantial evidence strongly suggests that the only reason Bolton amended her schedules to include her FLSA claim was that Defendant questioned her about her Chapter 13 proceeding in a deposition taken on April 7, 2009, *the day before* she filed her amendment with the bankruptcy court.  (Doc. 315, Ex. E.)  Bolton's claim cannot persist simply because she amended her bankruptcy schedules after Defendant's intention to bring her omission to this Court's attention was forecasted in her deposition.

V.   Conclusion.

Plaintiffs Anderson, Campbell, Hosker, Ligatich, Matson, McCullar, Mitchell, Nott, and Bolton are due to be dismissed.  A separate order will be entered.

Done this <u>20th</u> day of <u>July 2010</u>.

_____

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
