IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| SUSIE KNOTT, *et al.*, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 7:06-CV-1553-LSC |
| | ) | |
| DOLLAR TREE STORES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| CHELSIE RICHARDSON, | ) | |
| CYNTHIA ANN COLLINS, | ) | |
| BERYL DAUZAT, on behalf of | ) | |
| themselves and others similarly | ) | |
| situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | 7:08-CV-0693-LSC |
| | ) | |
| DOLLAR TREE STORES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION

I.  Introduction.

The matter before this Court is Defendant Dollar Tree Stores, Inc.'s

("Dollar Tree") motion for summary judgment on its Fair Labor Standards Act ("FLSA") Section 10 Good Faith Defense or, in the alternative, for partial summary judgment on it FLSA Section 11 Good Faith Defense and Plaintiffs' willfulness claims. (Doc. 312.) This matter, having been fully briefed, is now ripe for consideration. For the reasons stated below, Defendant's motion is due to be denied.

II.     Background.

This is an action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.  Dollar Tree operates a chain of over 3,500 "dollar" stores spread across 48 states.  On August 8, 2006, named Plaintiff Susie Knott brought this cause on behalf of herself and others similarly situated, alleging that Dollar Tree had violated the overtime compensation provisions of the FLSA by failing to pay her overtime for hours she worked in excess of forty per week.  (Doc. 1.)  On January 26, 2007, Plaintiff moved to facilitate notice to Dollar Tree Store Managers currently employed or employed within three years of the filing of the Complaint.  (Doc. 24.)  This Court granted the motion on April 12, 2007, conditionally certifying the case as a collective action pursuant to 29 U.S.C. § 216(b).  (Doc. 62.)  Discovery closed on

October 8, 2009. Shortly thereafter, Dollar Tree filed a number of summary judgment motions including the present motion.

III. Summary Judgment Standard.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the evidence] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant can meet this burden by presenting evidence showing that there is no genuine dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23. In evaluating the arguments of the movant, the court must view the evidence in the light most favorable to the nonmoving party. *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996).

Once the moving party has met this burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)).  "A factual dispute is genuine only if a 'reasonable jury could return a verdict for the nonmoving party.'" *Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d at 1224 (quoting *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437 (11th Cir. 1991)).

"[A]t the summary judgment stage the judge's function is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249 (1986).  However, judges are not "required to submit a question to a jury merely because some evidence has been introduced by a party having the burden of proof, unless the evidence be of such character that it would warrant the jury finding a verdict in favor of that party. *Id*. at 251 (*quoting Wilkerson v. McCarthy*, 336 U.S. 53, 62 (1872)).  "This standard mirrors the standard for a directed verdict under Federal Rule of Civil

Procedure 50(a), which is that the trial judge must direct a verdict if, under governing law, there can be but one reasonable conclusion as to the verdict." *Id.* at 250.

IV. Discussion.

    A. Section 10.

Section 10 of the FLSA provides that

> [i]n any action or proceeding based on any act or omission...no employer shall be subject to any liability or punishment for or on account of the failure of the employer to pay...overtime compensation under the Fair Labor Standards Act...if he pleads and proves that the act or omission complained of was in good faith conformity with and in reliance on any written administrative regulation, order, ruling, approval, or interpretation, of the agency of the United States specified in subsection (b) of this section....

29 U.S.C. § 259(a). Subsection (b) provides that for actions or proceedings brought under the FLSA, the relevant "agency" for Section 10 purposes is "the Administrator of the Wage and Hour Division of the Department of Labor [Secretary of Labor]." 29 U.S.C. § 259(b)(1).

Dollar Tree contends Section 10 provides it with a complete defense to liability in the present action. (Doc. 313 at 9.) In order to succeed on its summary judgment motion, Dollar Tree must show (1) that its policy of

classifying Store Managers as exempt and not paying them overtime "was adopted in reliance on a written interpretation of the FLSA" by the Administrator of the Wage and Hour Division (Secretary of Labor); (2) that its policy was "in conformity with that interpretation"; and (3) that it acted in good faith. *Nelson v. Alabama Inst. for Deaf & Blind*, 896 F. Supp. 1108, 1113 (N.D. Ala. 1995) (Acker, J.).

Dollar Tree argues that it meets these elements through its reasonable reliance on a settlement agreement it entered with the Department of Labor's Wage and Hour Division ("DOL") on May 15, 2002. (*See* Doc. 313, Ex. H, hereinafter "Settlement Agreement.") The Settlement Agreement resolved a DOL investigation into Dollar Tree's wage and hour compliance, specifically: Dollar Tree's method of calculating overtime for hourly employees working at two or more different rates of pay in a single workweek, the exempt status of Merchandise Managers, the exempt status of Managers-in-Training ("MIT"), and compensation for employees making "after hours" bank deposits. *Id* at 1-2.

In the section of the Settlement Agreement regarding classification of MITs, Dollar Tree agreed that it would modify its MIT program so that MITs

"may be paid hourly throughout the training program or designated as co-managers after four weeks of training such that they may be exempt, salaried...The parties recognize that any designation of any MIT as co-manager and any application of exempt status to them must be proper under the FLSA." *Id.* at 2.

Dollar Tree contends that the Settlement Agreement constitutes the agency's written "approval" of Dollar Tree's policy of classifying Store Managers as exempt after they complete four weeks of the MIT training program, and that Dollar Tree relied in good faith on the Settlement Agreement in classifying its Store Managers as exempt. An "approval," for purposes of Section 10, is the "granting of licenses, permits, certificates or other forms of permission by an agency, pursuant to statutory authority." 29 C.F.R. § 790.17(e). According to Dollar Tree, the Settlement Agreement constitutes an "approval" by the Secretary of Labor ("Secretary") pursuant to the Secretary's authority under 29 U.S.C. § 216(c).

The interpretation urged by Dollar Tree stretches the meaning of "approval" under Section 10 beyond any reasonable application. 29 U.S.C. § 216(c) authorizes the Secretary "to supervise the payment of...unpaid

overtime compensation owing to any employee or employees" and to "bring an action [in court] to recover the amount of the unpaid...overtime compensation and an equal amount as liquidated damages."  The plain meaning of this provision makes it clear that the Secretary is not authorized by statute to "resolve overtime claims" as argued by Dollar Tree.  (Doc. 348 at 11.)  It is more accurate to say that the Secretary is authorized to represent the rights of the employees to whom overtime compensation is owed.  Indeed, § 216(c) mandates that acceptance of payments supervised by the Secretary constitutes a waiver of an employee's right to bring an action under § 216(b).  Likewise, once the Secretary files a complaint in court under § 216(c), the right of employees covered by the suit to bring their own action under § 216(b) terminates.  *See* 29 U.S.C. § 216(c).

    The Settlement Agreement relied upon by Dollar Tree constitutes a negotiated resolution of an investigation by the Department of Labor's Wage and Hour Division that, were it not for the settlement, may have resulted in the Secretary bringing an action against Dollar Tree pursuant to § 216(c). The opening to the Settlement Agreement explains that "[a]s a result of this investigation, the Agency and Dollar Tree desire to resolve fully and finally

any and all differences, disputes or claims...without litigation or threat thereof and without admission of liability, fault or wrongdoing on the part of any party, individual or entity." *See* Settlement Agreement, Doc. 313, Ex. H. The Settlement Agreement reduces to writing Dollar Tree's commitment, *inter alia*, to make certain changes to its MIT program and to make lump sum back payments to qualified MITs. Dollar Tree made a calculated decision to enter the Settlement Agreement in order to avoid litigation by the Secretary regarding the issues covered by the Settlement Agreement. The DOL made a calculated decision to enter the Settlement Agreement rather than engage in litigation as authorized by § 216(c).

In entering the Settlement Agreement, the agency played the role of litigant, not rule-maker, license-granter, adjudicator, or enforcer. As a party to a negotiated agreement, the agency was not in a position to grant "permission" to Dollar Tree. Nor has Dollar Tree indicated any statutory authority on which such grant of "permission" could reasonably be premised. For these reasons, the Settlement Agreement was not an "approval" of the Secretary within the meaning of Section 10.

*Even if* the Settlement Agreement could be considered an "approval"

of the restructured MIT program, it requires a leap of logic to conclude that it is also an approval of Dollar Tree's general classification of its Store Managers as exempt.  The Settlement Agreement specifically states that it resolves disputes or claims arising between March 12, 2000 and May 11, 2002 "regarding averaging of straight-time/premium pay rate, bonus overtime, managers in training, merchandising managers and compensation for making bank deposits...*No other specific areas of wage and hour compliance are herein addressed*."  (Emphasis added.)

While Dollar Tree argues that approval of a plan to classify MITs as exempt after four weeks of training is implicitly an approval of a scheme classifying Store Managers as exempt, the nature of the Settlement Agreement counsels against such an inference.  The Settlement Agreement resolved the threat of litigation by the Secretary as to the specific areas mentioned.  Presumably the Secretary would have been free, after entering the Settlement Agreement, to bring an action against Dollar Tree alleging that it improperly classified Store Mangers as exempt, because the classification of Store Managers was not a dispute or claim subject to resolution by the Settlement Agreement.  Thus, even were the Settlement

Agreement to qualify as an "approval" by the Secretary, which this Court finds it does not, it was explicitly not an approval of Dollar Tree's classification of Store Managers, and Dollar Tree could not in good faith have relied on it in classifying its Store Managers as exempt.

For these reasons, Dollar Tree is not entitled to summary judgment on its Section 10 defense.

B.     Willfulness.

The FLSA is subject to a two-year statute of limitations that may be extended to three years if the cause of action arises out of a willful violation. 29 U.S.C. § 255(a).  Dollar Tree contends that it is entitled to summary judgment on the question of its willfulness, thus precluding any claims dependent on a three-year limitations period from proceeding to trial. (Doc. 313 at 21.)

Establishing willfulness requires the employee to show "by a preponderance of the evidence that his employer either knew that its conduct was prohibited by the statute or showed reckless disregard about whether it was." *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1162-63 (11th Cir. 2008).  Dollar Tree argues that given its 2002

Settlement Agreement with the DOL; reports issued by the DOL in 2008 and 2009 in which the DOL found that Dollar Tree Store Managers are properly classified as exempt; and a study done by a professional labor economist on the division of Store Managers' time, Plaintiffs cannot prove that Dollar Tree acted willfully.  (Doc. 313 at 23-24; Doc. 348 at 19-20.)

As discussed in detail above, Dollar Tree's 2002 Settlement Agreement with the DOL was a negotiated settlement to an agency investigation that did not specifically include it its scope the proper classification of Store Managers (as opposed to Managers in Training).  The reports issued by the DOL in 2008 and 2009 were not received by Dollar Tree until the spring of 2009 via FOIA request, potentially raising a question about Dollar Tree's factual ability to rely on these reports in classifying the Opt-In Plaintiffs here as exempt. *See* Doc. 313, Ex. C.   Whether Dollar Tree received and relied upon oral assurances from the DOL prior to 2009 that its classification of Store Managers was in compliance with the FLSA is not conclusively shown by the evidence  submitted by Dollar Tree at this stage.

Finally, the declaration of professional economist Ali Saad, Ph.D., who was retained by Dollar Tree in connection with a prior litigation, indicates

that the amount of time Store Managers spent on exempt activities varied widely from manager to manager. According to Dr. Saad, "[t]he Manager with the least amount of exempt time spent approximately 23% of his or her time on exempt duties, while the Manager with the most exempt time spent approximately 90% of his or her time on exempt duties." (Doc. 348, Ex. A at 18.) Dr. Saad concluded that the average percentage of exempt time was 55.64% with a standard deviation of 15.72%. *Id*. It cannot be said that the survey results unambiguously support Dollar Tree's argument that it did not act willfully.

In *Morgan v. Family Dollar*, the Eleventh Circuit found that the evidence was sufficient to support the jury's finding that Family Dollar acted willfully in mis-classifying its store managers as exempt. 551 F.3d 1233, 1280 (11th Cir. 2008). Specifically, the Court pointed to testimony from Family Dollar executives that Family Dollar had never studied whether store managers were exempt executives. *Id*. Dollar Tree presents the study by Dr. Saad as evidence that, unlike Family Dollar, Dollar Tree did undertake such expert analysis. (Doc. 348 at 19-20.) Dr. Saad's study, however, only evaluated Store Managers in California, while the collective action here

explicitly excludes Store Managers who worked in California. *Compare* Doc. 348, Ex. A at 4, *with* Doc. 66, Ex. A. In addition, Dr. Saad was retained as an expert for purposes of litigation, not in order to enable Dollar Tree to make an informed decision about the classification of Store Managers.

In short, while the evidence does not conclusively show that Dollar Tree acted willfully, neither is it such that this Court can find as a matter of law that Dollar Tree did not act willfully. The jury is entitled to evaluate the evidence and determine the issue of Dollar Tree's willfulness at trial.

C.   Section 11.

29 U.S.C. § 260 ("Section 11") provides that in an action to recover unpaid overtime compensation or liquidated damages under the FLSA,

> if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA]...the court may, in its sound discretion, award no liquidated damages.

Typically, when a jury finds that an employer has violated the FLSA and assesses compensatory damages, the district court must add an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b). *Morgan*, 551 F.3d at 1282. However, the court, in its discretion, may reduce or deny such

damages if the court is satisfied that the employer acted in good faith and had reasonable grounds for believing that its actions were in conformity with the requirements of the FLSA. *Id.*

In *Alvarez Perez*, the Eleventh Circuit Court of Appeals held that "in an FLSA case a jury's finding in deciding the limitations period question that the employer acted willfully precludes the court from finding that the employer acted in good faith when it decides the liquidated damages question." *Alvarez Perez*, 515 F.3d at 1166; *see also Morgan*, 551 F.3d at 1282-83. Because the question of Dollar Tree's willfulness must proceed to the jury (see Part IV.B *supra*), it is appropriate for this Court to await the jury's willfulness decision before issuing a ruling on liquidated damages. Dollar Tree's motion for summary judgment as to its Section 11 defense is due to be denied.

V.    Conclusion.

Having considered the arguments of both Parties and the evidence in the record, it is apparent to this Court that Dollar Tree's motion for summary judgment on its Section 10 and Section 11 defenses and on Plaintiffs' willfulness claims is due to be denied.  A separate order will be entered.

Done this 9th day of August 2010.

                                   L. SCOTT COOGLER
                              UNITED STATES DISTRICT JUDGE