FILED
2010 Aug-26 PM 03:58
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| SUSIE KNOTT, *et al.*, | ] | |
| | ] | |
| Plaintiffs, | ] | |
| | ] | |
| vs. | ] | 7:06-cv-01553-LSC |
| | ] | |
| DOLLAR TREE STORES, INC., | ] | |
| | ] | |
| Defendant. | ] | |
| | ] | |
| CHELSIE RICHARDSON, | ] | |
| CYNTHIA ANN COLLINS, | ] | |
| BERYL DAUZAT, on behalf of | ] | |
| themselves and other similarly | ] | |
| situated, | ] | |
| | ] | |
| Plaintiffs, | ] | |
| | ] | |
| vs. | ] | 7:08-cv-00693-LSC |
| | ] | |
| DOLLAR TREE STORES, INC., | ] | |
| | ] | |
| Defendant. | ] | |

MEMORANDUM OF OPINION

I. Introduction.

The two matters before this Court are Defendant Dollar Tree Stores, Inc.'s ("Dollar Tree") Motion for Summary Judgement Based on the Statute

of Limitations Against Plaintiffs John Fuller, Ross Harrison, Mike Rosser, and Rae Ann Wilkosz and Plaintiffs' Motion for Sanctions. (Docs. 380, 384.) These matters are fully briefed and ripe for consideration. For the reasons stated below, Defendant's motion is due to be granted, and Plaintiff's motion is due to be denied.

II. Background.

Plaintiffs Fuller, Harrison, Rosser, and Wilkosz all worked at different Dollar Tree stores as store managers until 2004. On August 8, 2006, the complaint in this matter was filed as a collective action pursuant to 29 U.S.C. § 216(b), alleging that Dollar Tree violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, by failing to pay overtime compensation to store managers who worked more than forty hours per week. (Doc. 1.) After filing, the four former store managers here consented to become party plaintiffs.

Plaintiff Fuller ended his employment with Dollar Tree on July 10, 2004, and received his final paycheck on July 16, 2004. On July 18, 2007, he then consented to join this action as a party plaintiff.

Plaintiff Harrison ended his employment as a store manager for Dollar Tree on May 8, 2004, becoming an assistant store manager. Dollar Tree last paid him as a store manager on May 14, 2004. He consented to party plaintiff status on June 6, 2007.

Plaintiff Rosser ceased his employment as a store manager for Dollar Tree on June 12, 2004, becoming an assistant store manager. Dollar Tree last paid him as a store manager on June 18, 2004. He consented to party plaintiff status on June 28, 2007.

Plaintiff Wilkosz ended her employment with Dollar Tree on May 7, 2004, and received her final paycheck on May 21, 2004. She filed her consent on June 18, 2007.

III. Summary Judgment Standard.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and

identifying those portions of [the evidence] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant can meet this burden by presenting evidence showing that there is no genuine dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23. In evaluating the arguments of the movant, the court must view the evidence in the light most favorable to the nonmoving party. *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996).

Once the moving party has met his burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [her] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)). "A factual dispute is genuine only if a 'reasonable jury could return a verdict for the nonmoving party.'" *Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224

(11th Cir. 2002) (quoting *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437 (11th Cir. 1991)).

IV. Discussion.

In its motion for summary judgment, Dollar Tree asserts—and Plaintiffs do not contest—that the statute of limitations renders these four plaintiffs' claims untimely. The FLSA provides for two applicable limitations periods: plaintiffs have two years to commence an action after the claim's accrual in civil enforcement actions extended to three years for actions arising out of willful violations. 29 U.S.C. § 255(a). An action commences on the date an opt-in plaintiff files its consent to party plaintiff status with the court. 29 U.S.C. § 256(b). An action "accrues at each regular payday immediately following the work period . . . for which the overtime compensation is claimed." *Hodgson v. Behrens Drug Co.*, 475 F.2d 1041, 1050 (5th Cir. 1973).

Whether or not the three year statute of limitations applies here, each of the four plaintiffs consented to joining the action more than three years after their claim accrued—the date they received their last paycheck for work as a store manager. Thus, the statue of limitations bars their untimely claims.

V. Plaintiffs' Motion for Sanctions.

Plaintiffs move for sanctions in connection with Dollar Tree's motion for summary judgment. Plaintiffs argue that Dollar Tree filed this motion without cause, because Plaintiffs indicated that they would voluntarily dismiss the four Store Managers after they verified the time records relied on by Dollar Tree. Dollar Tree points out in response that it had no obligation under the Uniform Order to consult with Plaintiffs. And, in any event, Plaintiffs did not provide a time frame for verifying and then dismissing.

The Uniform Order did not prohibit Dollar Tree from filing the present motion without consulting with opposing counsel. Though this Court encourages counsel for opposing parties to talk with one another prior to filing any motion, including motions for summary judgment, no requirement to do so exists at the present. Thus, this Court denies Plaintiffs' motion for sanctions. *See* (Doc. 6 (ALND Uniform Initial Order Governing All Further Proceedings, IV(B), at 9).)

VI. Conclusion.

For the reasons set forth above, Defendant's motion for summary judgment will be GRANTED. A separate order will be entered.

Done this 26th day of August 2010.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE