IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| SUSIE KNOTT, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | 7:06-CV-1553-LSC |
| DOLLAR TREE STORES, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | | |
| CHELSIE RICHARDSON, CYNTHIA ANN COLLINS, BERYL DAUZAT, on behalf of themselves and others similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | 7:08-CV-0693-LSC |
| | ) | |
| vs. | ) | |
| | ) | |
| DOLLAR TREE STORES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

O R D E R

Before the Court is Plaintiffs' motion (Doc. 481) seeking leave to file an extended brief in response to Defendant Dollar Tree's motion for sanctions (Doc. 468), as well as requesting an extended period of time (until

October 31, 2011) to file both the brief and their response to Dollar Tree's motion to compel production of a letter (Doc. 478). In support of their motion, Plaintiffs cite the length of Dollar Tree's brief (Doc. 480), and the number and complexity of the exhibits attached thereto.

The Plaintiffs' motion[1] (Doc. 481) is due to be GRANTED IN PART and DENIED IN PART.  It is GRANTED as follows: Plaintiffs have until October 31, 2011, to file their response to the motion for sanctions, by a writing not to exceed the length of Dollar Tree's brief (Doc. 480.) Dollar Tree will then have until November 10, 2011, to file a reply of no more than ten (10) pages.

The motion is DENIED as it relates to the motion to compel (Doc. 478). It is ORDERED that Plaintiffs have ten (10) days from the date of this order to show cause, by a writing not to exceed ten (10) pages in length, why

---

[1]Section IV(B) of the Uniform Initial Order requires that all nondispositive motions be designated as either "Opposed" or "Unopposed." (Doc. 6 at 9.) Plaintiffs designated this motion as "unopposed." (Doc. 481 at 1.) A footnote makes clear, however, that Dollar Tree actually opposed the motion in no uncertain terms, although it did not oppose the making of it. The Court directs Plaintiffs' attention to the text of § IV(B) of the Uniform Initial Order, which plainly requires "a notation that the *motion*," —and not the mere making of that motion—"is either 'Opposed' or 'Unopposed.'" (Doc. 6 at 9.) (Emphasis added.) The Court accordingly treats the motion as opposed.

Dollar Tree's motion to compel should not be granted. Dollar Tree will then have five (5) days in which to file a reply of no more than five (5) pages in support of that motion.

    Done this 20th day of September 2011.

                                                    L. SCOTT COOGLER
                                    UNITED STATES DISTRICT JUDGE
                                                                       167037